# Alsabrooks *et al v*. The State.

*Indictment for Living together in Adultery or Fornication.*

1. *Evidence; sufficiency of.* — Evidence which is pertinent, and tends to prove the issue, cannot be excluded merely because it is " weak and inconclusive." Its sufficiency is a question for the jury.

2. *Defendants jointly tried; practice as to evidence admissible as to one only.* — Where defendants are jointly indicted and tried, declarations or other evidence criminating one alone cannot be excluded on motion of a co-defendant, because as to him the evidence is mere hearsay. The proper course is to ask instructions to the jury to weigh such evidence only in the case of the defendant against whom it is offered, and to disregard it entirely as to the others.

3. *Evidence anterior and subsequent to offence; when admissible.* — On a charge involving illicit intercourse, during a particular period, evidence of acts anterior or subsequent to that time, which tend to illustrate or explain similar acts within the particular period, although not evidence on which to base a conviction, are admissible in connection with evidence of similar acts during the time laid, to prove illicit intercourse as charged.

APPEAL from Circuit Court of Randolph.

Tried before Hon. J. McCALEB WILEY.

The appellants, William Alsabrooks and Rebecca Bowen, were indicted and convicted for living together in adultery or fornication, on an indictment found at the Spring term, 1873, of the circuit court of Randolph.

On the trial, the State introduced several witnesses who testified to acts of familiarity, circumstances, and conduct, on the part of the defendants, tending to show that within twelve months before the finding of the indictment appellants were living together in a state of adultery or fornication. Some of the witnesses testified that the parties had been seen together in the woods under suspicious circumstances ; others that, although the parties lived some twelve or fifteen miles apart, Alsabrooks' horse was often seen tied near Bowen's house, early in the morning and late at night. The court refused to exclude the testimony from the jury, on the separate motion of each defendant, who objected to it on the ground that it was " weak and inconclusive," and the defendants duly excepted.

[Alsabrooks *v.* State.]

Afterwards the State introduced a Mrs. Bowen, who testified, against the objection and exception of defendants, that the defendant Bowen called on witness in the fall of 1871, and about three weeks before her confinement, to wait on her as midwife ; that witness refused unless her fee was secured, whereupon defendant Bowen said that Alsabrooks would pay it ; that witness waited on defendant Bowen at her confinement, who told her that she would send her fee by Alsabrooks, who shortly afterwards brought it to the witness.

Before the argument to the jury had commenced, the defendant Alsabrooks moved to exclude the evidence of Mrs. Bowen from the jury because it was, as to him, mere hearsay. The court refused this motion, and Alsabrooks duly excepted.

The State then introduced one McKleroy, deputy sheriff, who testified that after the *capias* was put in his hands, he went to Bowen's house before day, and found Alsabrooks there ; that Alsabrooks was in his shirt sleeves, and his coat and vest on a chair near the bed where the woman Bowen was lying ; that there were only two beds in the room, and one was occupied by children. The defendants moved to exclude this testimony from the jury, " because it related to a period subsequent to the finding of the indictment, and no indecent act of familiarity had been proved against them during the period covered by the indictment." The court overruled this motion, and the defendants duly excepted. The court, of its own motion, then charged the jury, that " they might look at all the acts, permitted by the court to go in evidence, and determine from them whether or not the defendants were guilty of living together in adultery as charged in the indictment." To the giving of this charge the defendants duly excepted.

The defendants then asked the court to give the following charge in writing : 1st. " Unless the State has shown, by evidence, some act of indecent familiarity between the defendants within the period covered by the indictment and before Mrs. Bowen was introduced as a witness, her testimony must not be regarded."

This charge the court refused, and the defendants duly excepted.

The several rulings of the court to which exceptions were reserved, are now assigned as error.

C. D. HUDSON, for appellants.

JOHN W. A. SANFORD, Attorney General, *contra.*

JUDGE, J. — The offence for which the defendants were indicted " consists of a repetition of acts, or includes a continuation of acts rarely susceptible of direct proof."

[Williams v. State.]

On the trial below many acts of the defendants were proved, tending to show illicit intercourse between them, during the period covered by the indictment. The defendants separately moved to exclude all this testimony, because it was " weak and inconclusive ; " which motion was overruled. In this the court committed no error ; for wherever evidence is pertinent and tends to prove the issue, it is competent. Its sufficiency is a question exclusively for the determination of the jury.

II. The declarations proved by the witness, Mrs. Bowen, were competent evidence against the female defendant Bowen, and the fact that the defendant Alsabrooks paid the fee of the midwife, was competent evidence against him. Instead of moving to exclude the evidence from the jury, the defendant Alsabrooks should have requested the court to charge the jury, that the declarations of his co-defendant were not to be taken as evidence against him, and that he could not be convicted except upon evidence *aliunde*, sufficient to establish his guilt. It is the settled law of this State that in a case " involving a charge of illicit intercourse within a limited period, evidence of acts anterior to such period may be adduced in explanation of acts of a similar character, within that period, although such former acts, if treated as an offence, would be barred by the statute of limitations." *Lawson & Swinney* v. *The State*, 20 Ala. 65. Such evidence is only admissible, however, when proposed in connection with, or subsequently to the introduction of evidence tending to establish an improper intercourse between the parties during the time covered by the indictment, as was done in this case.

III. The testimony of the witness McKleroy, as to facts occurring subsequent to the finding of the indictment, was admissible in evidence on the same principle.

The court did not err in the charge given, nor in the refusal to charge as requested.

The judgment must be affirmed.