# Morrison v. Morrison.

### Bill in Equity for Divorce.

1. *Proof of adultery, as ground of divorce.*—To authorize a divorce on the ground of adultery, the circumstances proved "must be such as would lead the guarded discretion of a just and reasonable man to the conclusion that the act has been committed;" and applying this rule to the evidence in this case, which the court states, it is held sufficient to establish the charge of adultery on the part of the wife, notwithstanding the direct denials of herself and her alleged paramour.

APPEAL from the Chancery Court of Bibb.
Heard before the Hon. WM. H. TAYLOE.

LOGAN, HARGROVE & VAN DE GRAAFF, for appellant, cited *Jeter v. Jeter*, 36 Ala. 391; *Mosser v. Mosser*, 29 Ala. 313; *Powell v. Powell*, 80 Ala. 595; *Richardson v. Richardson*, 4 Porter, 467; Bishop on Marriage & Divorce, §§ 429, 431, 452, 425, 277, 285-88.

COLEMAN, J.—The complainant filed his bill against his wife, the respondent, praying that the bonds of matrimony be cancelled and annulled, and that he be divorced. The bill charges adultery with one Robert Brewer. The respondent answered, denying the charge of adultery, and by cross-bill asked to be divorced from her husband, the complainant in the original bill. At the hearing, the court refused relief to either, and dismissed both the original and the cross-bill. The complainant in the original bill appeals, and assigns the decree as error.

We agree with the chancellor, that there is no proof to sustain the cross-bill; and that it was properly dismissed. In regard to the original bill, the learned chancellor seems to have considered only the evidence of the husband, the plaintiff, and of the wife, the defendant, and Robert Brewer, the party with whom, as alleged in the bill, the adultery was committed. That there was a difficulty between husband and wife, growing out of the fact that the husband accused her and Brewer of being too intimate, is not controverted, and separation of the husband and wife followed. That the wife left, and for a while lived at Henry Carroll's,

are undisputed facts. Both Henry Carroll and his wife testified that Robert Brewer visited her at their house; that he was seen to kiss her, and said he could kiss and hug her now as much as he pleased; and on two different nights he went into her room, closed the door, and remained in there with her alone, one night until after eleven o'clock; and the other night they did not know when he left her room. Robert Brewer was notified by the owner of the house not to repeat his visits; and in response to this notice, the defendant stated that, when she "got a house of her own, she would do as she pleased, and that she would not go back on Robert Brewer." The criminating facts here testified to are not denied or questioned either by the defendant herself or Robert Brewer, further than may be included in their general denial of having had illicit intercourse.

The evidence by numbers of witnesses, and which is neither denied nor explained, is that the respondent soon afterwards left the house of Henry Carroll, and for twelve months lived with Robert Brewer in a house having two rooms, with no shutter between the two rooms. The witnesses all state that, while here, they lived together as man and wife. A part of the time they thus lived together was after the filing of the bill, but such testimony, when properly connected, is admissible to show a previous adulterous intercourse.—*Alsobrooks v. State*, 52 Ala. 24; *Lawson v. State*, 20 Ala. 74; *Smitherman v. State*, 40 Ala. 355.

The record abounds with other evidence of a criminating character, wholly inconsistent with the innocence of respondent and Brewer, unless we impute to them a frigidity of temperament, or an ethical affection, not common to human nature. The facts do not warrant the assumption that these parties were abnormally virtuous. The rule in cases of fornication or adultery is, "that the circumstances must be such as would lead the guarded discretion of a reasonable and just man to the conclusion" that the act has been committed. Applying this rule to the evidence in the case, we are very clear that the court below erred in dismissing complainant's bill.

A decree will be here rendered granting the complainant the relief prayed for in his bill of complaint.

Reversed and rendered.