(89 South. 49)

## LE MAY v. LE MAY. (8 Div. 287.)

(Supreme Court of Alabama. April 7, 1921. Rehearing Denied May 12, 1921.)

1. Divorce ⬅184(10)—Finding of court accorded weight of verdict of jury.

Findings of trial court in a divorce case on evidence taken partly by a commissioner and partly ore tenus before the court are to be accorded by the Supreme Court on appeal an authority equal to that of a verdict of a jury, notwithstanding the Legislature has attempted to provide that findings of fact by the court shall be reviewed by the Supreme Court without any presumption in their favor.

2. Divorce ⬅129(16)—Adultery held not sufficiently shown.

In a prosecution for divorce, adultery of wife held not sufficiently shown.

Appeal from Circuit Court, Lawrence County; Robt. C. Brickell, Judge.

Bill by Walton P. Le May against Alma S. Le May for divorce, with cross-bill by respondent for divorce and alimony. From a decree for complainant, respondent appeals. Affirmed in part, and in part reversed and rendered.

Kirk & Rather, of Tuscumbia, for appellant.

The charge was not sustained by the evidence. 80 Ala. 595, 1 South. 549; 5 Michie's Enc. 181 and 599.

C. M. Sherrod, of Moulton, and D. C. Almon, of Albany, for appellee.

The chancellor heard the testimony and his finding will not be disturbed. 204 Ala. 635,

87 South. 91; 196 Ala. 403, 72 South. 52; 170 Ala. 469, 54 South. 493. The proof amply supported the allegation. 29 Ala. 317; 80 Ala. 595, 1 South. 549; 86 Ala. 67, 5 South. 559, 11 Am. St. Rep. 20.

SAYRE, J. Bill by appellee against appellant for divorce. Cross-bill by appellant for divorce and alimony.

[1, 2] The record is interlarded with incompetent and irrelevant evidence, most of which is calculated seriously to prejudice the case of appellant, the wife. Some of the evidence was taken by a commissioner; some of it was taken ore tenus before the trial court. Under the decisions of this court the finding by the trial court in such circumstances is, in general, to be accorded in this court an authority equal to that of the verdict of a jury; this notwithstanding the Legislature has attempted to provide that findings of fact by the court shall be reviewed by this court without any presumption in their favor. Hackett v. Cash, 196 Ala. 403, 72 South. 52; Thompson v. Collier, 170 Ala. 469, 54 South. 493. Circuit courts sitting in equity are not required to pass upon specific objections to testimony, and generally all such questions are disposed of by a recital to the effect that only competent and relevant evidence has been considered. One result of this method is that, although the record may bristle with evidence that should have been excluded, this court cannot know what was considered in the trial court, and yet must, in general, upon review of findings of fact, indulge a weighty presumption in favor of the ruling of the trial court. In the present case appellee charged appellant with adultery committed with a named person at a time and place specified in the bill. Afterwards the bill was amended to charge that appellant had committed adultery with appellee's brother. This charge was made without specifications of time or place and the brother willingly testifies that upon numerous occasions—so numerous that he cannot remember times and places—he, a man with wife and children, had criminal intercourse with appellee's wife. He is corroborated in a way by the testimony of an ancient negro woman (for years a servant in the household of appellee's father) who testifies that "about last year" she carried "about two notes" from appellant to this brother, though the brother testifies that his criminal relations with appellant had ceased three years before. But we need not stop to state our further consideration of the testimony of this brother, though much might be said to its discredit, for appellee concedes that "little weight might be given to the testimony" of this brother but for the testimony of the negro woman and the other evidence of appellant's wrongdoing, meaning in the last place the evidence which

tends to prove that appellant committed adultery with Hearn Gibson as averred in the original bill of complaint. Notwithstanding the law and practice to which we referred at the outset, we are able to consider the competent and relevant evidence as to appellant's alleged intercourse with Gibson substantially as it was considered in the trial court. As to the main fact two witnesses appeared against appellant in the trial court, viz. appellee, whose testimony was taken before a commissioner, and appellant's infant son, a child eight years of age, who testified before the court. As to the main fact, viz. appellant's adultery with Gibson at the time and place alleged in the original bill, appellee and appellant are the only witnesses of any consequence. Apart from the patently incompetent and irrelevant evidence in the record, appellee's case rests upon his own testimony. We have given this testimony careful consideration, and, without entering into an unprofitable discussion of details, we state our conclusion that the facts to which appellee testifies will hardly warrant a finding that appellant had intercourse with Gibson at the time and place in question. We are unwilling to base a decree against a woman who had impressed her neighbors and acquaintances as a dutiful wife and an acceptable member of society upon the facts to which the husband testifies. As to the testimony of the infant son, conceding that under the rule stated in the beginning the trial court had a better opportunity to judge the verisimilitude of his testimony, still it is to be observed that he did not speak of the occasion to which his father had testified nor of an act of adultery committed in his presence, but only to facts of a nature to arouse suspicion, and it requires too heavy a draft upon credulity to believe that a child of that age would have noticed the wrinkled condition of the bed covers, upon an occasion to which he testifies, as evidence that an affectionate mother, whom he at least had never before suspected, had there committed adultery a few minutes before. The professional shrewdness of a Sherlock Holmes might have deduced sexual guilt, but we are loath to attribute that degree of sophistication to this child. Nor do the circumstances of that occasion lead us to believe appellant then and there committed wrong, as appellee would infer. Of course, the child must at the time have looked upon the fact referred to, in connection with the surroundings, as evidence of his mother's guilt, or he would not have been able to reproduce it later out of his own memory as such evidence. This testimony of the child only tends to corroborate the conclusion, amply established otherwise, that he has reproduced impressions made upon his mind while under the tutelage of appellee, with whom he remained after the separation of his parents.

Pretermitting statement of evidence persuasively tending to show that appellee, in the night following the occasion alleged in his bill, condoned what he may have at the time considered his wife's adultery, though he, while admitting that he took his wife to his bed, emphatically denies condonation, and, though it must be conceded that he was not in a condoning frame of mind next morning, we are arrived at the conclusion. that the decree against the wife in this case was founded in error.

On the other hand, we cannot find in the record evidence that would justify a decree on the cross-bill against the husband on account of cruelty as cruelty has been defined by our statute, viz. actual violence on the person, attended with danger to life or health.

The decree, in so far as it grants a divorce to appellee, is reversed, and a decree will be here rendered denying his prayer to that end. The custody of the child Harold, the witness referred to, will be left with appellee. The prayer of appellant's cross-bill for a divorce will be denied, but, in so far as the decree grants to appellant an allowance to defray the expense of her defense, permanent alimony for her support, and a monthly allowance for the support of the child Walton Stanley, it will be affirmed. The custody of the child Walton Stanley will be left with appellant. The decree so rendered shall be subject to modification on proper application as the trial court may deem advisable to meet conditions that may change.

Reversed in part, affirmed in part, and rendered.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.