(112 So. 218)

## SCOTT v. SCOTT. (7 Div. 677.)

Supreme Court of Alabama.   March 24, 1927.

Rehearing Denied April 21, 1927.

**1. Divorce ☞108—Right to divorce for adultery must rest on proof of intercourse charged in bill.**

Right to divorce for adultery must rest on proof of intercourse charged in bill.

**2. Divorce ☞115—Evidence of adultery between defendant and corespondent subsequent to filing bill is admissible in connection with evidence of adultery alleged.**

In suit for divorce for wife's adultery, evidence of illicit intercourse between defendant and corespondent subsequent to filing bill is admissible in connection with or subsequent to introduction of evidence of adultery during time covered by averments of bill.

**3. Appeal and error ☞837(11)—Under statute, testimony of party as witness, which is mere conclusion, must be disregarded (Code 1923, § 6565).**

Under Code 1923, § 6565, a statement by the complainant, testifying as a witness, shown by his testimony to be a mere conclusion, must be disregarded.

**4. Divorce ☞129(16) — Evidence of wife's adultery held insufficient to support decree of divorce.**

Evidence of wife's adultery *held* insufficient to support decree of divorce to husband.

**5. Divorce ☞146—In suit for divorce, statement of witness amounting to conclusion is disregarded (Code 1923, § 6565).**

Under Code 1923, § 6565, in suit for divorce for wife's adultery, statement by witness that somebody got out of bed in which alleged corespondent was sleeping is disregarded as merely a conclusion.

**6. Divorce ☞209—Trial court is not bound to grant temporary alimony ex mero motu (Code 1923, § 7417).**

Although, in view of Code 1923, § 7417, woman sued for divorce is entitled as of right to temporary alimony, trial court is not bound to allow it ex mero motu.

Appeal from Circuit Court, Etowah County; Woodson J. Martin, Judge.

Bill for divorce by John Scott against Winnie Scott, and cross-bill by Winnie Scott. From a decree granting the relief prayed by the original bill and dismissing the cross-bill, the defendant appeals. Affirmed in part, and in part reversed and rendered.

O. B. Roper, of Gadsden, for appellant.

The testimony for the complainant does not come up to the legal requirement. Powell v. Powell, 80 Ala. 595, 1 So. 549; Coleman v. Coleman, 198 Ala. 225, 73 So. 473. It was error to deny the defendant temporary alimony and solicitor's fee. Ex parte Jones,

172 Ala. 186, 55 So. 491; Ex parte Edwards, 183 Ala. 661, 62 So. 775.

L. B. Rainey, of Gadsden, for appellee.

The evidence fully warranted the decree in favor of complainant. Morrison v. Morrison, 95 Ala. 309, 10 So. 648; Alsabrooks v. State, 52 Ala. 24; Wray v. Wray, 19 Ala. 522; Ingraham v. Ingraham, 80 Fla. 75, 85 So. 666; Irby v. Irby, 146 La. 747, 84 So. 41. Permanent alimony cannot be awarded when the divorce is granted for the fault of the wife. Phinney v. Phinney, 77 Fla. 850, 82 So. 357. Attorney's fees are not allowed as matter of right. Coleman v. Coleman, 198 Ala. 225, 73 So. 473; Ortman v. Ortman, 203 Ala. 167, 82 So. 417.

BROWN, J.   The original bill was filed January 7, 1926, by the appellee against the appellant, for divorce on the ground of adultery with one Odell Owens, and avers:

"That said illegal relationship existed between the two for a period of several months; that on, to wit, December 6, 1925, respondent committed acts of adultery with the said Odell Owens, and on that date complainant and respondent separated, and have not since lived together."

The defendant, appellant here, filed an answer denying the charges made by the bill, and charging the complainant with conduct tending to show reasonable apprehension of violence to her person, attended with danger to her life or health, which was made a cross-bill, and praying for divorce and alimony, temporary and permanent.

On final hearing, the court granted complainant the relief prayed in his bill and dismissed the cross-bill, without recognizing the defendant's right to alimony, and from this decree she appeals.

After careful examination of the case, we are of opinion that the learned trial court erred, and that the decree should be reversed.

[1, 2] While evidence tending to show acts of illicit sexual intercourse between the defendant and Owens subsequent to the filing of the bill was admissible, when offered in connection with or subsequent to the introduction of evidence tending to show adulterous intercourse between the parties during the time covered by the averments of the bill, the right to relief must rest upon proof of the adulterous intercourse charged in the bill. Morrison v. Morrison, 95 Ala. 310, 10 So. 648; Alsabrooks v. State, 52 Ala. 24; Lawson v. State, 20 Ala. 74, 56 Am. Dec. 182.

[3, 4] While the complainant stated in his testimony, that "about December 6, 1925, Odell Owens and my wife committed acts of adultery," his testimony stating the details of the circumstances clearly shows this to be a mere conclusion, and under the statute this conclusion must be disregarded. Code of 1923, § 6565. Aside from this conclusion,

there are but three circumstances testified to by complainant upon which he relies to sustain the charge of adultery. One occurred in the summer of 1925, and, to state this in the language of the witness:

"I was sick two weeks last summer, and Owens got him a pass and come to town, and I was sick and come home right immediately behind him; he went in my house, and I went in the window; he went out the back door. I saw her sitting on the bed; the bed appeared as though somebody had been lying on it. Winnie (the defendant) asked me how come I was coming in the house that way. I glimpsed Owens as he went out the back door; he was traveling pretty fast. This was last summer, 1925."

These facts are denied by the defendant and Owens, and in addition the complainant admitted that he lived with the defendant after this occurrence.

The other circumstances are thus stated by the complainant:

"On the 5th of last December, I come home and stopped at her sister's house, and they told me my cousin was bad off sick. This was at night, so I went up there, and she wasn't sick. I went back down to her sister's house, and Winnie was going home, and after I passed the house Odell Owens walked out of her sister's house. I told her, 'You all think you are some sharp; what did you tell me a lie for?' I went on to work on Sunday night the 6th. December last they laid me off two shifts, the 6th and the 7th, and me and Bonnie Lindsay was coming from town, and this fellow Owens went into Winnie's sister's house, and I called Winnie out. She got home and I told her they laid me off two shifts. She said, 'I told you Saturday night I was not going to stay with you another —— night; if you stay in this house I won't stay,' so she went back up there. I went back and told her to come out of that house. She come out and went down towards the church, and was gone a short while; she came back in the house and got her gown and went up there and stayed' all night. As she was going, I told her if she went that night she could stay forever; I had done got tired of her and Odell Owens running over me. I sat up on my porch and watched that house that night until 3 o'clock and Odell Owens did not come out; he was in there."

The complainant also offered the testimony of Mary Lou Button, who testified that she had on several occasions observed the defendant going at night to the house where Owens lived and on such occasions would remain there an hour or more.

The evidence shows that the house referred to in this testimony was a house owned by Owens, one end of which was occupied by him, and the other by Stella Johnson, a sister of the defendant, with whom the defendant lived after the separation; and, when this evidence is viewed in the light of this fact, the positive denial of the defendant and Owens, and the evidence showing defendant's good character, and the other evidence, while it may be sufficient to arouse suspicion, we are constrained to hold, in the light of the authorities, that it does not sufficiently establish the defendant's guilt. Le May v. Le May, 205 Ala. 694, 89 So. 49; Morrison v. Morrison, 95 Ala. 310, 10 So. 648. In Morrison's Case, supra, cited and relied on by the appellee, it was shown that the respondent and Brewer lived together as husband and wife for twelve months, and this testimony was not denied.

[5] In reaching the conclusion above stated, we have not overlooked the circumstance shown by the testimony of the witnesses Wise and Thornton, but have disregarded as a mere conclusion the statement of Thornton that "somebody got up out of the bed Owens was sleeping in." Code of 1923, § 6565.

[6] The original bill prayed for absolute divorce, and under the statute the defendant was entitled as of right to temporary alimony, if she had pressed her claim by proper proceedings pending the suit; the purpose of such allowance being to aid her in preparing and presenting her defense. Code of 1923, § 7417; Ex parte State ex rel. Tissier, 214 Ala. 219, 106 So. 866. So far as the record shows, her claim was in no way presented to the court, and the court was under no duty to grant it ex mero motu.

We concur in the conclusion of the trial court that the defendant was not entitled to relief on her cross-bill, and the decree in this respect will be affirmed, but the decree for the complainant will be reversed, and one here rendered dismissing the original bill and taxing the costs against the appellee.

Affirmed in part, and in part reversed and rendered.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.