158 So. 311

### BROWN v. BROWN.

6 Div. 663.

Supreme Court of Alabama.

Dec. 20, 1934.

J. T. Johnson, of Oneonta, for appellant.

P. A. Nash, of Oneonta, for appellee.

This case was submitted and considered under Rule 46 of Supreme Court Practice (Code 1923, vol. 4, p. 896), and the opinion prepared by Justice BROWN.

This is a divorce proceeding instituted by the husband against the wife after she had been awarded the custody of the four minor children, the issue of the marriage, in a contested proceeding against him in the inferior court of Blount county having jurisdiction of juvenile cases.

The original bill was filed on the 6th of March, 1933, alleging, inter alia, that the parties were married on or about the 28th of February, 1920, and lived together as husband and wife until on or about the 27th day of November, 1932, on which date they separated in Blount county, Ala., in which county complainant resided at the time of filing the bill; "that prior to the said separation the said Ruth Brown (the defendant) lived with one Murray Harper in adultery; or that the said Ruth Brown committed acts of adultery with one Murray Harper, a man over the age of 16 years, before said separation;" that the defendant and said minor children live with the defendant's father in Cullman county; and that she is not a fit and proper person to have the custody of said minor children.

The complainant prays that he be granted a divorce a vinculo matrimonii and the custody of said minor children.

The defendant's answer, which she prays be taken and considered as a cross-bill, admits the marriage and her custody of the minor children, but specifically denies the charge of adultery, and the charge that she is not a proper and suitable custodian of said children. She also alleges as grounds for divorce that the complainant committed actual violence upon her person attended with danger to her life or health, and prays that she be granted a divorce a vinculo matrimonii, and the custody of said children.

After filing the answer and cross-bill, the defendant filed a petition praying for an allowance as alimony pendente lite and solicitor's fees, resulting in reference to the register, a hearing and report thereon, granting an allowance of $10 per month to the defendant and $50 as solicitor's fees, which allowance was approved by the court.

The testimony was then taken by depositions on oral examination before the register, and the cause was submitted for final decree on the report of the register as to alimony pendente lite and counsel's fees and the exceptions thereto, and the pleadings and proof noted by the register, and the court entered a final decree confirming the report of the register, granting the relief as prayed in the original bill, and dismissing the cross-bill; hence this appeal.

■ The rule of our decisions as to the quantum and sufficiency of proof to sustain a charge of adultery is that it " 'must be such as would lead the guarded discretion of a reasonable and just man to the conclusion' that the act has been committed." Morrison v. Morrison, 95 Ala. 309, 10 So. 648; Le May v. Le May, 205 Ala. 694, 89 So. 49; Scott v.

Scott, 215 Ala. 684, 112 So. 218; Pitchford v. Pitchford, 222 Ala. 612, 133 So. 718.

The only testimony offered by the complainant to support the averments of his bill was his own testimony, with slight corroboration, of doubtful potency, by the witness Trueman Carroll. The testimony of the complainant is, to quote his statement:

"Q. On the day of the separation, what had you been doing that day, before you say that you saw some relations between your wife and Murray Harper? A. I had not been doing anything. I had gotten ready to go to the field, and started and passed about 150 yards from the house there I saw Murray Harper call the two little boys to the barn, pick them up and put them on the wagon and went straight to the house, then I went.

"Q. When you got back to the house, where did you go? A. I passed along by the side of the house, walked to the front, then in the house.

"Q. What were your wife and Murray Harper doing when you walked along by the house and went in? A. They were just carrying on sectual inward course.

"Q. What did you then do? A. Walked in the house, got my gun and told Murray Harper to go.

"Q. What did he do? A. He left.

"Q. Did your wife make any statement then, if so, what? A. Not any.

"Q. Did Murray leave then? A. Murray left then, he came back."

Witness Campbell, a young man and tenant on the farm in which complainant then had an equity, testified that on one occasion he passed complainant's house when complainant was absent and saw the defendant and Harper lying on the same bed; that he passed right by and did not stop to see what they were doing.

The evidence shows that the defendant is 33 years of age, the mother of four children, among them a daughter 11 or 12 years of age, and that her major interest in life is the welfare of these children; that Murray Harper, at the time of the alleged adultery with defendant, was slightly over 19 years of age; that he was a friend of the complainant, and from a home in which complainant had lived and boarded before his marriage. Both the defendant and Harper testify positively that no such occurrence as testified to by the complainant and Campbell ever occurred. The evidence further shows that the defendant had a brother of about the same age of Harper who was visiting the home of complainant and the defendant.

After due and careful consideration of the evidence, we are constrained to hold that the complainant failed to adduce sufficient satisfying evidence to warrant the conclusion that the defendant was guilty of adultery as charged in the original bill of complaint, and that the learned circuit court erred in granting the relief prayed in the original bill.

We are further of the opinion that the court also erred in holding that the defendant had failed by the evidence to sustain the charge in the answer and cross-bill, that the complainant committed actual violence on her person attended with danger to her life or health. The evidence adduced by the complainant, as well as the testimony of defendant, shows that she had repeatedly been compelled to leave her home with the complainant and appeal to neighbors for assistance and protection because of his abuse and violence, exhibiting the bruises, contusions, and marks of violence on her person.

The controlling consideration in dealing with the custody of minor children in cases of this sort is the welfare of the children. Basden v. Basden, 209 Ala. 632, 96 So. 881; Young v. Young, 214 Ala. 642, 108 So. 746.

The evidence is without dispute that the complainant is an invalid unable to perform manual labor; that he has no means of support except an allowance from the government of $18 per month, and this, according to his testimony, was to terminate on the 1st of July following the taking of his testimony. He has no home, and is dependent on his relatives as a matter of charity for a place of residence.

The evidence further shows that the defendant is an able-bodied energetic woman and a willing worker; that during the time she had the custody and control of the children she, with the aid of her father and brother, established and furnished a home, provided wholesome food and comfortable clothing for said children, and kept them in school, and that they attended Sunday school.

We are therefore at the conclusion that the welfare of the children requires that the mother be given their custody.

The decree of the circuit court, in so far as it confirmed the report of the register and awarded defendant alimony pendente lite is affirmed.

That part of the decree granting the complainant a divorce from the defendant on the

grounds of adultery as charged in the bill, and awarding to him the custody of said minor children, is reversed and a decree here entered denying the complainant relief.

The decree, in so far as it denied the defendant relief on her cross-bill and dismissed the same, is also reversed, and a decree here entered dissolving the marriage bonds between the appellant, Ruth Brown, and the appellee, L. J. Brown, and she is forever divorced from the said L. J. Brown on account of actual violence committed on her person attended with danger to her life or health, as charged in the cross-bill, and she is permitted to again contract marriage.

The custody of the minor children, to wit, Margaret Ruth Brown, Jerry Lene Brown, L. J. Brown, Jr., and Jack Brown, is awarded to the appellant, their mother, Ruth Brown, and the said L. J. Brown is ordered to deliver unto the custody of said Ruth Brown the custody of said minor children.

The cause is remanded to the circuit court for such further orders and the issuance of necessary process to carry the decree into effect.

Let the appellee pay the costs of the appeal and the costs of the suit.

Affirmed in part, reversed and rendered in part, and remanded.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ.; concur.

---

⬤⇒For other cases see same topic and KEY NUMBER in all Key Number Digests and Indexes