199 So. 560

**POLLARD v. SIMPSON et al.**

7 Div. 632.

Supreme Court of Alabama.

Nov. 22, 1940.

Rehearing Denied Jan. 16, 1941.

Embry & Weaver, of Pell City, for appellant.

W. T. Starnes, of Pell City, for appellee Mrs. Simpson.

LIVINGSTON, Justice.

H. D. Pollard, as receiver of the Central of Georgia Railway Company, brought this bill of complaint in the Circuit Court of St. Clair County, in Equity, against James A. Simpson, Mrs. M. L. Simpson, alias Lou Simpson, and Herman Owens. The bill was amended by striking Herman Owens as a party respondent.

The bill alleges in substance that the Central of Georgia Railway Company is, and has been 'for more than twenty years, the owner and in possession of the following described real estate situated in the Northern Judicial Circuit of St. Clair County, Alabama, to-wit: "All of the coal, iron ore and other minerals in, under and upon the North half of the Northwest fourth of section eight (8), township sixteen (16), range two (2) East."

The bill charges that the respondents without the consent and authority of complainant commenced the mining and removal of coal from said lands at different intervals, and from time to time have mined and removed from same a large quantity of coal which was in place "in, under and upon" said lands, the exact quantity or amount so mined and removed being unknown to complainant, but which complainant, on information and belief, alleges to be 1200 tons of the value of $2,000.

The bill further charges that respondents have driven openings or shafts through the surface of the lands into the deposits of coal in or under the same, and are about to remove other large quantities of coal therefrom.

The prayer of the bill is for an injunction restraining respondents, and each of them, and any and all persons, agents or employees acting under the authority of respondents, from further mining, removing or in any way interfering with the coal in, on or under the above-described real estate, and for an accounting of the coal already removed.

Demurrers were filed to the bill of complaint and overruled.

The respondents, James A. Simpson and Mrs. M. L. Simpson, filed their answer denying the material allegations of the bill, and specifically allege that they are the owners of all the property described in the bill, and, further, that they acquired title to said property by adverse possession for the statutory period.

The parties to this cause have made an agreement, which is set out in the record, to the effect that complainant claims record title to the minerals involved in this suit, by and through conveyances beginning with a deed from Robert Blythe and others to F. M. Thomason and others, bearing date December 11, 1886, and through mesne conveyances to the Central of Georgia Railway Company by deed of the Tunnell Coal Company dated July 28, 1905.

Respondents claim record title to the northwest quarter of the northwest quarter of section 8, township 16, range 2 east, together with the minerals in, on or under the same, by and through conveyances beginning with a deed from P. F. Hawkins and others to L. V. B. Hawkins, bearing date of January 7, 1890, and through mesne conveyances to Mrs. M. L. Simpson by deed of L. V. B. Simpson, dated October 11, 1912; and record title to an undivided one-half interest in and to the northeast quarter of the northwest quarter of section 8, township 16, range 2 east, together with the minerals in, on or under said lands by and through conveyances beginning with a deed from P. F. Hawkins, and others, to L. V. B. Simpson, bearing date January 7, 1890, and through mesne conveyances to J. A. Simpson by deed of Alice C. Adkins and husband dated April 29, 1919, and to the other undivided one-half interest in said lands and minerals by and through the deed from P. F. Hawkins, and others, to L. V. B. Simpson, and through inheritance from L. V. B. Simpson, the father of J. A. Simpson.

The case was submitted to the court below on the original bill as amended, the answer of the respondents, the agreement of the parties and the testimony noted by

the register. The lower court entered a decree denying the relief prayed for, and dismissed the bill without prejudice; and complainant appeals.

The respondents base their claim of title to the minerals here involved on adverse possession for the required statutory period.

It is insisted by appellant that two adverse claimants cannot have possession of the same identical property at the same time, and that respondents failed to prove adverse possession because the evidence discloses a "joint possession" of the minerals involved by J. A. Simpson and Mrs. M. L. Simpson, husband and wife.

We do not so interpret the evidence. When all the evidence is considered together it tends to establish the fact that Mrs. M. L. Simpson owned the minerals in, on or under the northwest quarter of the northwest quarter of section 8, and that J. A. Simpson owned the minerals in, on or under the northeast quarter of the northwest quarter of section 8. If these facts are established by the evidence, they will constitute a bar to the relief prayed for in the bill.

The deed from Robert Blythe and others to F. M. Thomason, dated December 11, 1886, and which is the source from which complainant claims title, shows a severance of the minerals here involved from the surface. Therefore, the respondents must show such adverse possession of the minerals, as distinguished from adverse possession of the surface, as will ripen into title, in order to defeat complainant's record title. After severance of the minerals, in situ, from the surface, the possession of the latter is not possession of the former. The effect of the severance is to create two closes, adjoining but separate. Hooper et al. v. Bankhead & Bankhead, 171 Ala. 626, 54 So. 549, 551, and authorities there cited.

What, then, will constitute adverse possession of minerals severed in title from the soil?

In the case of Hooper et al. v. Bankhead & Bankhead, supra, this court said: "Such a possession (adverse) must be actual, notorious, exclusive, continuous, peaceable and hostile for the statutory period. And in these respects the surface owner is in no better position than a stranger. * * * Actual possession is taken by the opening of mines and carrying on of mining operations. That possession is continuous if the operations are continuous, or are carried on continuously at such seasons as the nature of the business and the customs of the country permit or require. A cessation of operations in accordance with the custom of the neighborhood, or from necessity occasioned by some natural agency, would not be an interruption of the possession. But there must be something evidencing possession in the interval which connects the operations when resumed with those which have gone before, and to distinguish such possession from a series of repeated acts of trespass." Barringer and Adams on Mines, pages 568, 569; White on Mines, sections 430, 431, 432, and 433.

It is essential to effect adverse possession of minerals, after severance of title from the surface, that the adverse claimant do some act or acts evincing a permanency of occupation and use, as distinguished from acts merely occasional, desultory or temporary—acts suitable to the enjoyment and appropriation of the minerals so claimed, and hostile to the rights of the owner.

It would but incumber this decision, and serve no good purpose, to set forth in detail the evidence in this case. Suffice it to say, we have carefully examined the record, and are convinced that respondents' testimony meets the above requirements.

In reaching our conclusion, we have considered only the legal and competent evidence, disregarding and discarding any which, in our judgment, was illegal or incompetent. Section 6565, Code. Nor have we given any weight to the decision of the circuit judge as to his findings of fact, as the evidence was given by deposition, and not ore tenus in open court before the trial judge. Section 10276, Code; Heflin v. Heflin, 216 Ala. 519, 113 So. 535.

It follows that the decree appealed from is without error, and it is accordingly affirmed.

Affirmed.

GARDNER, C. J., and BOULDIN and FOSTER, JJ., concur.