17 So.2d 677

**CHAPMAN et al. v. COTHRAN.**

**7 Div. 742.**

Supreme Court of Alabama.

April 20, 1944.

Dortch, Allen & Swann and Hood, Inzer, Martin & Suttle, all of Gadsden, for appellee.

Robert & Cunningham and Lusk & Burns, all of Gadsden, for appellants.

LIVINGSTON, Justice.

Statutory suit to quiet title (section 1109, Title 7, Code of 1940), brought by Emma E. Cothran, as administratrix cum testamento annexo and de bonis non, of the estate of M. C. Abernathy, deceased, against Mary Chapman, the widow, and the heirs at law of Andrew Chapman, deceased, naming them, and others. The bill described the lands, and alleged the statutory grounds justifying relief. Section 1109, supra. Respondents, other than the widow and heirs at law of Andrew Chapman, deceased, suffered decrees pro confesso to be entered against them.

The widow and heirs at law of Andrew Chapman, deceased, answered the bill, made their answer a cross-bill, and sought to establish and foreclose a vendor's lien on the lands described, or a decree establishing legal title in them. They admit that complainant was in possession when suit was filed, and, in substance, allege that the land involved was sold to M. C. Abernathy by Andrew Chapman on January 14, 1925; that the deed conveying the land to Abernathy recited a consideration of $1550, of which $410 was paid in cash; $390 to be paid in cash on January 31, 1925; the balance evidenced by two notes, one note for $400 due and payable December 20, 1925, and one note for $350 due and payable December 20, 1926, with interest at four percent. per annum, and that the two notes were due and unpaid.

Appellee answered the cross-bill, denying that appellants had any right, title, interest in or encumbrance on said land, and that any part of the purchase price remained unpaid. Andrew Chapman died March 6, 1927, and M. C. Abernathy died January 11, 1936.

Appellants submitted their case upon a certified copy of the deed from Chapman to Abernathy, and the depositions of Mary Chapman, respondent and widow of Andrew Chapman, deceased, Ella Dennis, Mandy C. Alford and Willis Chapman, respondents and children of Andrew Chapman, deceased. The two notes mentioned in the deed from Chapman to Abernathy were not produced. The trial court made and entered a decree denying the relief sought by respondents and quieting the title of Emma E. Cothran, as administratrix cum testamento annexo and de bonis non, of the estate of M. C. Abernathy, deceased, as against all claims, demands, or pretentions of any and all of the respondents.

It would serve no good purpose to set out in detail the testimony of the appellants. They testified that the two notes mentioned in the deed from Chapman to Abernathy had not been paid. But a careful examination of their entire testimony demonstrates that they were not familiar with the transaction. All of them testified that they had never seen the notes. That they were probably lost in moving. In substance, their testimony is to the effect that they know the notes were not paid, because if they had been paid they would have known it. Further, that no effort had been made to collect the notes since the death of Andrew Chapman; and no claim seeking payment of the notes was ever filed against the estate of M. C. Abernathy.

■ Peaceable possession being admitted, and that no suit was pending to test respondents' title, the complainant is not required to prove her title at all,—the sole inquiry is whether the respondents have proved any title in themselves. The burden of allegation and proof is upon the respondents, who have asserted title as against complainant's peaceable possession. Ward v. Chambless, 238 Ala. 165, 189 So. 890, and cases therein cited.

■ "A mere lapse of time short of twenty years, even though exceeding the period when the debt is barred, does not raise a presumption of payment, but it is a circumstance to be considered in connection with other circumstances indicating a

payment, though no one such would raise a presumption of payment. Phillips v. Adams, 78 Ala. 225; May v. Wilkinson, 76 Ala. 543." Mitchell v. Bottoms, 233 Ala. 107, 170 So. 220, 221.

After a careful consideration of all the evidence, and in view of the fact cross-complainants did not produce the notes evidencing the debt, or make satisfactory accounting therefor, we are to the conclusion that appellants have not met the burden cast by the pleading, and that the decree of the trial court is correct, although we have indulged no presumption in its favor, which we cannot do where the witnesses are examined by deposition. Section 17, Title 13, Code of 1940; Wood v. Foster, 229 Ala. 430, 157 So. 863; Pollard. Receiver v. Simpson, 240 Ala. 401, 199 So. 560.

Affirmed.

GARDNER, C. J., and BOULDIN, FOSTER, and STAKELY, JJ., concur.