22 So.2d 900

### HARVEY v. PHILLIPS.
### 6 Div. 261.

Supreme Court of Alabama.
July 26, 1945.

P. A. Nash, of Oneonta, and Hood, Inzer, Martin & Suttle, of Gadsden, for appellant.

J. T. Johnson, of Oneonta, for appellee.

LIVINGSTON, Justice.

This cause has been before this Court on two former occasions. See, Phillips v. Harvey, 239 Ala. 605, 196. So. 498, and Phillips v. Harvey, 243 Ala. 504, 10 So.2d 857.

On the first appeal (239 Ala., 196 So., supra), it was held that the bill of complaint, the salient averments of which are set out in the opinion of the Court, was sufficient to state a cause of action as against the demurrers interposed to it. On the second appeal (243 Ala., 10 So.2d, supra) it was held that respondent's cross-bill, seeking affirmative relief, was insufficient. After the second remandment, the respondent amended his answer. The answer, as amended, in effect simply denies the averments of the bill of complaint.

The issues of fact thus presented were submitted to the trial court on testimony taken by depositions, and the court entered a decree granting the relief prayed for in complainant's bill, and from which this appeal is prosecuted. A thorough understanding of the questions now presented may be had by reference to the decisions cited above, where the averments of facts relied upon for recovery are in substance set forth. We deem it unnecessary to here relate the averments.

When, as here, the cause is submitted to the trial court on testimony taken by depositions, and not ore tenus, it is the duty of this Court on appeal to review the evidence without any presumption in favor of the findings of the trial court. Section 17, Title 13, Code; Chapman v. Cothran, Adm'x., 245 Ala. 468, 17 So.2d 677; Pollard, Receiver v. Simpson, 240 Ala. 401, 199 So. 560; Howell v. Dothan, 234 Ala. 158, 174 So. 624; Wood v. Foster, 229 Ala. 430, 157 So. 863; Fannin v. Trotter, 215 Ala. 17, 109 So. 102; Glover v. Hill, 85 Ala. 41, 4 So. 613. This duty we have performed.

The only disputed question is whether the respondent, J. B. Harvey, agreed upon a valuable consideration, as discussed in Phillips v. Harvey, supra, on first appeal, to accept whatever amount the complainant, G. D. Phillips, might secure from the Federal Land Bank in full settlement and satisfaction of the indebtedness owed by Phillips to Harvey and secured by a mortgage on Phillips' land.

It could serve no good purpose to here set out the conflicting testimony. Suffice it to say, after a careful consideration of all the evidence, we are fully persuaded that Harvey did so agree. Our finding is in accord with that of the trial court, and the cause is due to be, and is affirmed.

Affirmed.

GARDNER, C. J., and BROWN and SIMPSON, JJ., concur.