28 So.2d 559

### GARDNER v. GARDNER.
### 8 Div. 321.

Supreme Court of Alabama.

Oct. 17, 1946.

Rehearing Denied Jan. 16, 1947.

W. C. Rayburn, of Guntersville, for appellant.

Herbert H. Conway, of Albertville, for appellee.

LIVINGSTON, Justice.

The appellant, J. P. Gardner, filed suit in the Circuit Court, in Equity, of Marshall County, Alabama, against Lula Taylor Gardner, his wife, seeking a divorce on the ground of the alleged adultery of the wife. He further prayed for the custody and control of the two minor children of the parties, a boy six years of age and a girl three years of age.

Appellee, the wife, answered and denied the allegation of adultery: made her answer a cross-bill, and alleged in substance that appellant was now and had been for sometime in the state of Florida; that before going to Florida, appellant took the two minor children away from her and placed them in the custody and control of appellant's father and mother; that she, the appellee, was denied the right to visit or ever see her children; that appellant's father and mother were not suitable or proper persons to have the care, custody and control of said minors: that appellant was working and was able to support said minors. Appellee prayed for a decree awarding her the custody and control of the minor children, and an award for their support and maintenance out of the earnings of appellant.

The trial court made and entered a decree denying the relief prayed for in the bill of complaint and dismissing it. The decree awarded to the appellee, the wife, the custody and control of the minor children of the parties, and directed the appellant to pay to the register of the court the sum of twenty dollars per month for the support and maintenance of said minors: said sum to be paid by the register to the wife. The husband appealed.

The cause was submitted for final decree on the pleadings and the depositions of the witnesses. When evidence is taken thus in the court below, a decree rendered thereon is here reviewed without the usual presumption in favor of its correctness. Section 17, Title 13, Code of 1940; Wood v. Foster, 229 Ala. 430, 157 So. 863; Pollard v. Simpson, 240 Ala. 401, 199 So. 560; Chapman v. Cothran, 245 Ala. 468, 17 So.2d 677; Harvey v. Phillips, 247 Ala. 134, 22 So.2d 900.

On a bill for divorce, the charge of adultery may be proved by circumstantial evidence, but the circumstances must be such as would lead the guarded discretion of a reasonable and just man to the conclusion that the act of adultery has been committed. Morrison v. Morrison, 95 Ala. 309, 10 So. 648; LeMay v. LeMay, 205 Ala. 694, 89 So. 49; Scott v. Scott, 215 Ala. 684, 112 So. 218; Pitchford v. Pitchford, 222 Ala. 612, 133 So. 718; Brown v. Brown, 229 Ala. 471, 158 So. 311; Windham v. Windham, 234 Ala. 309, 174 So. 500.

The testimony relative to the adultery of the wife creates at most a mere suspicion. She was seen talking to her alleged paramour at the post-office in Guntersville in the day time: she was seen going to and from a "brush arbor" meeting with him and others on two or three occasions: she was seen riding in an automobile with him a time or two when they were the only occupants of the car, and at other times when others were with them. Two letters written by appellee to a woman friend were introduced in evidence: evidence of the bad reputation of appellee for chastity, and evidence of rumors concerning appellee and her alleged paramour were introduced. On the other hand, appellee denied all accusations of adultery. Other witnesses testified that her reputation for chastity was good: that she was a hard working woman, and took good care of her children: that she (appellee) and two sons, by a former marriage, worked hard, made and gathered a crop after the husband went to Florida. The automobile rides were fully explained by appellee.

The acts of appellee may have been sufficient to create suspicion, but were wholly insufficient under our authorities to prove

510

.adultery. Morrison v. Morrison, supra; LeMay v. LeMay, supra; Scott v. Scott, supra; Pitchford v. Pitchford, supra; Brown v. Brown, supra; Windham v. Windham, supra.

It is the well settled rule in this State that, in determining who should have the custody of children, the best interest and welfare of the child or children should be the controlling and paramount inquiry. Hawkins v. Hawkins, 219 Ala. 31, 121 So. 92; Butler v. Butler, 222 Ala. 684, 134 So. 129; Thomas v. Thomas, 212 Ala. 85; 101 So. 738; Goldman v. Hicks, 241 Ala. 80, 1 So.2d 18.

In Thomas v. Thomas, supra [212 Ala. 85, 101 So. 739], it was said, "During the very tender years of the child the husband has not an unqualified right to its custody, even when the wife is at fault in the separation. Mothering of a young child is one of its rights. None but the real mother can meet this high duty in full measure."

A careful examination of the entire evidence fully persuades us that the welfare and best interest of the minors involved in this cause will be subserved in committing their custody and control to their mother. We also agree with that part of the lower court's decree requiring the father to contribute twenty dollars per month to the support and maintenance of said minors.

The decree of the trial court is due to be affirmed. It is so ordered.

Affirmed.

GARDNER, C. J., and BROWN and SIMPSON, JJ., concur.