37 So.2d 638

**BUTLER v. GUARANTY SAVINGS & LOAN ASS'N.**

**6 Div. 528.**

Supreme Court of Alabama.

Feb. 26, 1948.

Rehearing Denied Dec. 16, 1948.

M. B. Grace, of Birmingham, for appellant.

Bowers, Dixon & Dunn, of Birmingham, for appellee.

**450**

LIVINGSTON, Justice.

The appeal is from a decree of the Circuit Court in Equity of Jefferson County, denying complainant relief, and dismissing her bill of complaint.

The bill alleges fraud by respondent in securing an agreement from complainant for the purchase of stock in defendant, which was an incorporated building and loan association under the laws of Alabama. It seeks a discovery of certain matters: an accounting of transactions occurring over a period of more than ten years; a personal money judgment for the balance found due her; a cancellation of her application for the purchase of stock, and general relief.

On the former appeal in this case, we held that the trial court erroneously sustained a demurrer to the bill (see, 247 Ala. 4, 22 So.2d 328). The demurrer sustained expressly relied upon "an Act of the Legislature of 1935, page 220, which said Act is subsequently reenacted, 1940 Code of Alabama, Title 5, section 258," also a ground of demurrer to the bill as a whole, which is also in reliance on the same statute, also alleging that "said Act (referring to that of 1935, supra) was reenacted in 1939,— General Acts of the Legislature at page 616, section 54,—and reenacted by the Code of 1940 of Alabama, section 258, Title 5." The prior decision was confined solely to the question of the constitutionality of the Act of 1935, setting up a one year statute of limitations without regard to the discovery of fraud. The holding was that the Act of 1935, supra, was violative of section 45 of the 1901 Constitution of Alabama, and void. The cause was reversed, rendered and remanded.

After the cause was remanded to the court below, defendant filed an answer denying the fraud, and under Equity Rule 16, Rule 16, Title 7 Appendix, Code of 1940, incorporated in said answer, the defense of the statute of limitations of ten years, section 20, Title 7, Code, the statute of limitations of six years, section 21, Title 7, Code, the limitations of one year after the discovery of the fraud, section 42, Title 7, Code, and laches.

The cause was submitted to the court below on testimony taken by depositions of all the witnesses. On appeal from a decree rendered on testimony thus taken, there is no presumption favoring the findings of the trial court, and it is our duty to sit in judgment on the evidence. Section 17, Title 13, Code; Wood v. Foster, 229 Ala. 430, 157 So. 863; Pollard v. Simpson, 240 Ala. 401, 199 So. 560; Chapman v. Cothran, 245 Ala. 468, 17 So.2d 677. This duty we have performed, and are clear to the conclusion that complainant is not entitled to the relief prayed for.

This suit was instituted on April 28, 1943. The uncontradicted testimony shows that on January 3, 1929, appellant signed an application for one hundred units of common shares of appellee, said shares having a total value of $10,000. A like application for an additional one hundred units was signed by appellant on February 4, 1929. Both applications contained the following: "The original deposit of five per cent is Non-withdrawable and is Not Entitled To Any Earnings until my proportionate share of the Retirement Fund, created from surplus earnings, equals the amount of my proportionate share of the expenses. All further deposits made in excess of the original five per cent shall receive dividends of eight per cent before any funds are credited to the Retirement Fund, and such Deposits And Dividends May Be Withdrawn At Any Time, subject to the withdrawal rules of the Association."

Subsequent to the above dates, appellant made various deposits with appellee, and also made certain withdrawals. At one time her total credits, including the non-

withdrawable funds, amounted to $3,672.45. On September 13, 1930, her balance with appellee, including the non-withdrawable funds, was $3,015. On that date she withdrew $2,015, which was all she could withdraw under the terms of the application for units or shares signed by her.

Appellant's own testimony is conclusive against her right to recover. The testimony is voluminous, and we make no attempt to set it out. Section 66, Title 13, Code of 1940. In substance, appellant testified that she knew, or learned, on September 13, 1930, that appellee claimed that she had signed applications for two hundred units of stock. She saw her signature to the applications. She knew or learned that $1,000 of the funds which she had on deposit were not withdrawable. Whatever may have gone before, she knew then the claims of appellee in respect to the contract or contracts between them.

Actions founded upon simple contract or specialty are barred within six years. Section 21, Title 7, Code of 1940.

Section 42, Title 7, Code of 1940, provides: "In actions seeking relief on the ground of fraud where the statute has created a bar, the cause of action must not be considered as having accrued until the discovery by the aggrieved party of the fact constituting the fraud, after which he must have one year within which to prosecute his suit."

■ "Fraud is deemed to have been discovered when it ought to have been discovered. Facts which provoke inquiry in the mind of a man of reasonable prudence, and which, if followed up, would have led to a discovery of the fraud, constitute sufficient evidence of discovery." Cartwright v. Braly, 218 Ala. 49, 117 So. 477, 481; Young v. Arntze & Bros., 86 Ala. 116, 5 So. 253; Bynum v. Southern Building & Loan Association, 223 Ala. 392, 137 So. 21; Williams v. Bedenbaugh, 215 Ala. 200, 100 So. 286; Lovell v. Smith, 232 Ala. 626, 169 So. 280; Taylor v. Southern etc., R. Co., C.C.Ala., 13 F. 152; Peters Mineral Land Co. v. Hooper, 208 Ala. 324, 94 So. 606; 34 Am.Jur. 934, § 167; 37 Corpus Juris pp. 939-41.

On September 13, 1930, according to appellant's own testimony, she definitely learned that appellee had or claimed to have her signed applications for two hundred units of common shares of appellee association; that $1,000 of the deposits made by her were not withdrawable under the terms of said applications. If she did not sign said applications, or the signing of same was induced by the fraud of appellee or its agents, the facts brought to her actual knowledge at that time were sufficient to provoke inquiry, if, indeed, they did not show the actual fraud itself. That the facts learned by appellant on September 13, 1930, were sufficient to provoke inquiry is clearly evidenced by the employment by her in 1931 or 1932 of an attorney to safeguard her interest.

■ Section 42, Title 7, Code, does not cut down the limitation fixed in some other statute. It serves no purpose where complainant discovered the existence of his right of action as much as one year before it was barred by an appropriate statute. Van Antwerp v. Van Antwerp, 242 Ala. 92, 5 So.2d 73.

■ Mere section 42, supra, has no application, and complainant's cause of action is barred by the statute of limitations of six years.

In Meeks v. Miller, 214 Ala. 684, 108 So. 864-866, it was said: "It is a familiar principle that, aside from statutes of limitation, courts of equity will discourage laches and delay in the enforcement of rights * * *; that is to say, nothing can call forth the court of chancery into activity but conscience, good faith, and reasonable diligence. * * * The rule is rested upon considerations of public policy *, * * and upon fair dealing with an adversary as to the property in question because of the lapse of time or the death of parties or witnesses, the loss of papers, and the intervention of equities, or other causes making it no longer safe, free from the danger of doing injustice, to proceed with a determination of the controversy."

■ The evidence shows that it was nearly fourteen years from the time of the transactions in 1929 until the time this

suit was instituted in 1943; that the president and general manager of appellee in 1929 and 1930 had died; that the fiscal agent or salesman in charge of sales had died, and that his employee, who made the contract with appellant, had departed to parts unknown. Aside from any statute of limitations, appellant has delayed too long to assert any rights which she may have had. Her demands are stale and barred by laches.

Affirmed.

GARDNER, C. J., and BROWN and SIMPSON, JJ., concur.