49 So.2d 917

## CHAMBLEE v. CHAMBLEE.
### 6 Div. 176.

Supreme Court of Alabama.
Jan. 11, 1951.

J. T. Johnson, of Oneonta, for appellant.

**36**

S. R. Starnes, of Oneonta, for appellee.

LAWSON, Justice.

The appellee, Frances Ramey Chamblee, filed suit in the circuit court of Blount County, in equity, against her husband, Raymond Fritz Chamblee, seeking a di-vorce on the ground of cruelty. She also prayed for the custody and control of the two minor children of the parties, a boy seven years of age and a girl three years of age, and for support and maintenance for the said minor children.

Appellant, the husband, answered and denied the averments in the wife's bill to the effect that he had committed actual violence on her person, attended with danger to her life or health, or that from his conduct there was reasonable apprehension of such violence. The husband made his answer a cross-bill praying for a divorce on the grounds of adultery and habitual drunkenness to which she became addicted after marriage. He also prayed for the custody and control of the two minor children.

The trial court made and entered a decree awarding the complainant, Frances Ramey Chamblee, a divorce on the ground of cruelty. The decree awarded to complainant the custody and control of the two minor children and directed the husband to pay to the register of the court the sum of $50 per month for the support and maintenance of the said minor children, said sum to be paid by the register to the complainant. From this decree the husband has appealed to this court.

The cause was submitted for final decree on the pleadings and the depositions of the witnesses. When evidence is taken in this manner in the court below, a decree rendered thereon is reviewed here without any presumption in favor of its correctness. Section 17, Title 13, Code 1940; Gardner v. Gardner, 248 Ala. 508, 28 So.2d 559, and cases cited.

There can be no doubt that under the evidence, the defendant was guilty of cruelty sufficient to warrant the dissolution of the marriage. It is not strenuously insisted to the contrary.

Appellant does earnestly insist that the evidence shows that complainant had committed adultery and that, therefore, the trial court erred in decreeing a divorce in her favor.

It is the rule that a divorce should not be granted a complainant where there

exists another statutory ground for divorce in favor of the respondent. Ribet v. Ribet, 39 Ala. 348; Stabile v. Stabile, 203 Ala. 635, 84 So. 801; Stephens v. Stephens, 233 Ala. 178, 170 So. 767; Lyall v. Lyall, 250 Ala. 635, 35 So.2d 550; Butler v. Butler, 254 Ala. 375, 48 So.2d 318.

 But we cannot agree with appellant in his insistence that the evidence is sufficient to show that appellee was guilty of adultery. The evidence in that connection was entirely circumstantial. True, the charge of adultery in a bill for divorce may be proved by circumstantial evidence, but the circumstances must be such as would lead the guarded discretion of a reasonable and just man to the conclusion that the act of adultery has been committed. Gardner v. Gardner, supra, and cases cited.

The testimony relative to the adultery of the wife creates at most a mere suspicion. Her alleged paramour was the husband's very closest friend, who was in the home on many occasions at the request of the husband. He became a close friend of the wife and her alleged acts of indiscretion with this man are not too inconsistent with the relationship which seems to have existed between him and the appellant and appellee. Appellee denied all accusations of adultery. While the acts of the wife may have been sufficient to create suspicion, they were wholly insufficient under our authorities to prove adultery. Morrison v. Morrison, 95 Ala. 309, 10 So. 648; Le May v. Le May, 205 Ala. 694, 89 So. 49; Scott v. Scott, 215 Ala. 684, 112 So. 218; Pitchford v. Pitchford, 222 Ala. 612, 133 So. 718; Brown v. Brown, 229 Ala. 471, 158 So. 311; Windham v. Windham, 234 Ala. 309, 174 So. 500; Gardner v. Gardner, supra.

It is the well-settled rule in this state that in determining who should have the custody of children, the best interests and welfare of the child or children should be the controlling and paramount inquiry. Gardner v. Gardner, supra, and cases cited.

A careful examination of the entire evidence convinces us that the welfare and best interests of the minors in-

volved in this cause will be subserved in committing their custody and control to their mother. We also agree with that part of the lower court's decree requiring the father to contribute fifty dollars per month to the support and maintenance of the minor children.

The decree of the trial court is due to be affirmed. It is so ordered.

Affirmed.

BROWN, FOSTER, and STAKELY, JJ., concur.