211 So.2d 894

Elenore B. RUSSELL

v.

William Earl RUSSELL.

6 Div. 349.

Supreme Court of Alabama.

June 13, 1968.

———◆———

Wm. A. Stevenson, Birmingham, for appellant.

Bishop & Carlton, Birmingham, for appellee.

PER CURIAM.

Appellant was respondent in a divorce proceeding filed by her husband, complainant, in the circuit court of Jefferson County, in equity. The complainant, inter alia, charged that the respondent "had curs-ed and abused complainant, has committed actual violence on his person, has threatened to kill him and from the actions of respondent, complainant has reasonable apprehension of serious personal violence or poisoning." The appeal here is from a final decree granting the divorce and other relief.

There are three assignments of error:

"(1) For that the trial court erred in not continuing the case to a later date due to severe weather conditions.

"(2) For that the trial court erred in not continuing the case to a later date due to the illness of respondent.

"(3) For that the trial court erred in granting a divorce to complainant."

Appellant filed in this court her petition for a writ of certiorari to the circuit court of Jefferson County, to review the action of the trial court in refusing to grant a continuance with respect to the same proceeding here under consideration. This court granted the petition; it then affirmed the trial court because no assignments of error were included in the record. Ex parte Russell, 280 Ala. 30, 189 So.2d 760. In view of the affirmance, which had the effect of upholding the trial court in denying the continuance, we will not here review the denial of the motion.

The trial court heard the evidence ore tenus on the merits of the case.

It appears from the evidence that appellant and appellee lived together as man and wife for about six weeks after their marriage. The complainant was between 55 and 60 years of age, his first marriage; and the respondent was about 39 years of age—she had been previously married two or three times.

Complainant testified that his wife, during their marriage, threatened that she would "put me in a grave, and one time—one threat she made that I was—it was after she had attacked me one morning with a hair brush in bed, she said I was losing face with her children. She once

thought I was grand, but now they don't think anything of me, slips in the next room and—said that he would come in and stick his knife in my guts."

On cross-examination, complainant further testified:

"Q. Well, what happened on that occasion?

"A. She left a note for the milkman, he had left some bad milk and the milkman got the note and rang the bell and I got up and answered it and he wanted to know just what was wrong with the milk.

"MR. BISHOP: What time of the morning was that?

"A. About 5:30. So I went to her room and told her that the milkman was there and wanted to know what was wrong with the milk and she said it was no good and said that it was spoiled and I laid back down and it was about 5:30, almost getting up time. The next thing that I knew she came into my room and struck me on the head and back with a hair brush and started scratching and clawing at me and somehow I pulled her across the bed and her fingernails were cutting my face up and she got them into my mouth and cut my gums, but I was holding her out of reach with my five fingers and she started hollering for Pat and Susie and both of them were pretty hard sleepers and I kept holding her off, holding her on the bed with my fingers on her chest to keep her arms out of reach of my face, to keep them from cutting my face. Finally she got Pat and Susie up and she said I was choking her, which was not true and Pat, her son, said that is what you said about Garrett, I am going to find out the truth about this and I don't remember Susie saying anything. That is about all she said, about all that I heard her say and I didn't hurt her at all."

There was other evidence of bickering and intemperate conduct on the part of respondent.

We will not undertake to set out the charges complainant made against respondent to the effect that she tried to cash in some of complainant's insurance policies and appropriate some securities that he owned. Suffice it to say, that the decree grants relief to complainant with respect to some real property they acquired under joint deed with right of survivorship; also, gave him title to some certificates of stock.

Appellant contends that appellee was also guilty of assault and battery on her person for which he was arrested and plead guilty; hence, complainant was not entitled to a decree of divorce because of such recrimination. Ribet v. Ribet, 39 Ala. 348(2); Chamblee v. Chamblee, 255 Ala. 35, 49 So. 2d 917(3); Butler v. Butler, 254 Ala. 375, 48 So.2d 318(11).

It seems that the parties had a dispute about the complainant refusing to give respondent some money, and that she proceeded to occupy his automobile, and was trying to drive it off when he intervened to prevent the departure. He grabbed her arm and held it. She then hit him on his arm with a flash light. A daughter, Billie Sue, intervened at the invitation of respondent, and tried to pull him from the automobile. He slapped Billie Sue. He was convicted in Juvenile Court for assault and battery, which we construe the evidence to mean was on the minor, Billie Sue, and not the wife. Such being the fact, there was no recrimination out of this incident that was available to the wife as a defense.

We think that under all the evidence relating to the intemperate conduct of respondent toward her husband, the complainant; the general character of her remarks addressed to her husband; the implied if not actual threats that she directed toward complainant; her larcenous efforts to appropriate his securities; her aggressiveness in trying to cash his insurance policies, all of which was paraded before the trial court by the complainant's evidence, none of which was denied—she was

not present in court—, we think the charge of statutory cruelty, as charged in the complaint, was sustained. Folmar v. Folmar, 69 Ala. 84; Pitchford v. Pitchford, 222 Ala. 612, 133 So. 718; White v. White, 278 Ala. 682, 180 So.2d 277; Title 34, § 22, Code of Alabama 1940, as Recompiled in 1958.

The decree of the trial court granting the divorce and other relief to complainant is affirmed.

The foregoing opinion was prepared by B. W. Simmons, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Affirmed.

LIVINGSTON, C. J., and SIMPSON, COLEMAN and KOHN, JJ., concur.