48 So.2d 39

## SHADE v. SHADE.
### 4 Div. 601.

Supreme Court of Alabama.
Oct. 12, 1950.

See also 252 Ala. 134, 39 So.2d 785; 253 Ala. 139, 43 So.2d 319.

Chauncey Sparks, of Eufaula, for appellant.

Grady G. Cleveland, Jr., of Eufaula, for appellee.

BROWN, Justice.

The bill in this case is by the wife against the husband seeking divorce *a vinculo matrimonii* on two statutory grounds. The bill alleges in the third paragraph, "And complainant would show unto your Honor that prior to the date of the separation as aforesaid and on the date of said separation, to-wit, March 1, 1947 (changed by amendment to March 11, 1947), the respondent committed actual violence on the person of complainant attended with danger to her life and health; and complainant avers that from such conduct she is fearful of her life were she to attempt to again live with the respondent."

In paragraph four complainant further avers that "Since complainant's marriage with respondent, the said respondent has committed adultery with one Mary Jane, whose name is otherwise unknown, and with various other women, whose names at this time are unknown to complainant, all at times and places unknown to complainant; said acts of adultery having been committed without the connivance or consent of this complainant and have not been condoned by her."

The allegations of the bill were expressly denied by the respondent in his original answer and in an amended answer the respondent averred that said alleged acts of adultery if committed were known or became known to the complainant and she condoned the same.

The bill prays for absolute divorce and that the complainant be given the custody of the two minor sons of the parties;—Albert Lee Shade, who was ten years old at the time of the filing of the bill, and Charles Shade, who was eight years of age. The bill was filed March 12, 1947, and said sons are now 13 and 11, respectively.

The testimony was taken before the register sitting as a commissioner and it is voluminous, covering approximately 158 pages of the record, and which we have carefully examined. Much of the testimony is wholly irrelevant, illegal, immaterial and hearsay. Following the prescription of the "lazy lawyer's act", now § 372(1), Title 7, Code of 1940, Pocket Part, re-enacted in the

196

General Acts of 1943, p. 105, and approved in Redwine v. Jackson, Ala.Sup., 49 So.2d 115,[1] this court, considering "only such testimony [and evidence] as is relevant, material, competent and legal," has reached the conclusion that the complainant has failed to meet and carry the burden of proof imposed upon her by the allegations of her bill. Said Act relieves both the trial court and this court of the duty of pointing out what testimony or evidence shall be excluded and not considered. We have reached the conclusion that the complainant is not entitled to relief. The learned circuit court denied her relief on the ground of adultery and she has failed to offer evidence that reasonably satisfies the judicial mind that her testimony in respect. to alleged cruelty is worthy of belief.

The complainant's testimony goes to show that on the day of the separation the defendant assaulted her with a chair, hitting her over the head and knocking her down to the floor, and yet she fails to corroborate her statements by any evidences of bruises, abrasions or other traumatism. She further testified that on said occasion and immediately before the separation the defendant pulled a pistol from his pocket, presented it at her person, and pointing to the road told her to take either end of it, she pleased, but to go. This statement is wholly uncorroborated and is expressly denied by the defendant and his testimony is corroborated by two or more witnesses, going to show that this occurrence did not take place.

The evidence in the case shows that the defendant, a colored man, is industrious, a hardworking man, has a well equipped home and has in the past maintained his family sumptuously and he has shown a good character by members of both the white and colored races and by some of the leading citizens in the community where he has lived and worked for many years. The evidence further shows that he is a man weighing about 150 pounds and that the complainant weighs in the neighborhood of two hundred pounds and is strong and vigorous and that on one or more occasions she has assaulted the defendant with weapons, in one instance with a butcher knife and in another with a shot gun.

The only relief the defendant prayed for in his answer was that he be given the custody of his two minor boys.

We are of the opinion that the evidence in this case shows that the best interest and welfare of said two boys would be better served by committing the custody of the two minor children to the defendant Will Shade.

The decree of the circuit court insofor as it denies relief to complainant on the ground of adultery is affirmed and insofar as it grants relief on the ground of cruelty is reversed and a decree will be here rendered denying complainant a divorce on said ground. The custody of the two minor sons of the parties and their care and keeping is committed to the defendant and the decree of the circuit court which required the payment of sums of money for their support is reversed and a decree here rendered denying such relief. The costs of the appeal are taxed against the defendant. The costs of the case accruing in the circuit court incurred by the defendant are taxed against him and those incurred by the complainant are adjudged against her. The register is authorized on the application of defendant, if complainant refuses to surrender the custody of said minor children to the defendant on his demand, to issue such processes as necessary to enforce the decree of this court and for that purpose the cause is remanded to the circuit court to there enforce the decree here rendered.

Affirmed in part, reversed and rendered in part and remanded.

LIVINGSTON, LAWSON and SIMPSON, JJ., concur.

1. Post, p. 564.