77 So.2d 339

Carolyn D. RUDICELL

v.

Carmen RUDICELL.

6 Div. 758.

Supreme Court of Alabama.

Jan. 13, 1955.

Fite & Fite and Rankin Fite, Hamilton, for appellee.

LAWSON, Justice.

The original bill, filed by the wife against the husband, sought a divorce on the grounds of cruelty and sought custody of their four-year-old son.

The husband answered, denying the alleged cruelty as well as the averments that it would be to the best interest of the minor son that his care and custody be awarded to the wife. Later the husband amended his answer so as to make it a cross bill, alleging that his wife, prior to the separation of the parties on July 17, 1953, "had committed acts of adultery at various times and occasions with one Clarence E. Gunnin," and praying that he be granted a divorce and that the custody of the child be awarded to him. The wife answered the cross bill, denying its material allegations.

On the hearing, the trial court entered a decree denying the complainant relief. The husband was granted a divorce as prayed in his cross bill and the care, custody and control of the little boy was awarded to the husband and to the latter's mother and father.

This appeal is prosecuted by the wife and errors are assigned predicated on the denial of relief to her and the granting of the relief on the cross bill.

The testimony was taken ore tenus before the trial court and, hence, its findings of fact are to be accorded by this court an authority equal to that of the verdict of a jury. LeMay v. LeMay, 205 Ala. 694, 89 So. 49.

In cases such as this, it is unnecessary that objection be made to any testimony

Tweedy & Beech, Jasper, for appellant.

or evidence which may be offered by either party. The trial court is to consider only such testimony as is relevant, material, competent and legal, and on appeal this court shall consider only that character of testimony unless specific objection was interposed and a ruling made on such objection. § 372(1), Title 7, 1953 Cum. Pocket Part, Vol. 2, p. 71, General Acts 1943, p. 105; Redwine v. Jackson, 254 Ala. 564, 49 So.2d 115; Shade v. Shade, 254 Ala. 195, 48 So.2d 39; Levy v. Levy, 256 Ala. 629, 56 So.2d 344. See LeMay v. LeMay, supra. Mr. Justice Sayre, writing for the court in LeMay v. LeMay, supra, made the following comments concerning a problem which the rules alluded to above present on appeal: "Circuit courts sitting in equity are not required to pass upon specific objections to testimony, and generally all such questions are disposed of by a recital to the effect that only competent and relevant evidence has been considered. One result of this method is that, although the record may bristle with evidence that should have been excluded, this court cannot know what was considered in the trial court, and yet must, in general, upon review of findings of fact, indulge a weighty presumption in favor of the ruling of the trial court."

The wife's bill charging her husband with cruelty was filed on August 6, 1953, and was never amended. The husband's cross bill accusing his wife of adultery was filed on November 6, 1953. It was never amended. Testimony was taken on April 22 and 23, 1954, and final decree entered on the date last mentioned.

■ The wife introduced evidence tending to show that her husband had committed acts of cruelty upon her person subsequent to the date she filed her bill and the husband presented evidence bearing on the relationship of the wife with her alleged paramour after his cross bill was filed. Such evidence was admissible but the right to a decree of divorce could not be rested thereon. The rule in this state concerning the admissibility of subsequent conduct in divorce actions is stated in Scott v. Scott, 215 Ala. 684, 112 So. 218, in the following language: "While evidence tending to show acts of illicit sexual intercourse between the defendant and Owens subsequent to the filing of the bill was admissible, when offered in connection with or subsequent to the introduction of evidence tending to show adulterous intercourse between the parties during the time covered by the averments of the bill, the right to relief must rest upon proof of the adulterous intercourse charged in the bill. Morrison v. Morrison, 95 Ala. [309], 310, 10 So. 648; Alsabrooks v. State, 52 Ala. 24; Lawson v. State, 20 Ala. 65, 74, 56 Am.Dec. 182." See Renner v. Renner, 177 Md. 689, 12 A.2d 195, 127 A.L.R. 679.

The marriage took place in January, 1948, when both of the parties were nineteen years of age. The following year they built a home in Hamilton, which they both occupied until September 2 or 3, 1953, although they ceased to cohabit as man and wife on July 17, 1953, and, as before noted, the wife's bill was filed on August 6, 1953. On September 2 or 3, 1953, the wife and son moved to the home of her parents situated a few miles from Hamilton.

■ Complainant-cross-respondent testified that in 1951 her husband hit her in the face when he became angry because she accused him of correcting their young son too severely. The husband admitted that he slapped his wife on that occasion, but claimed that he did so only to protect himself. The parties continued to live together as man and wife for approximately two years after that occurrence and, hence, such action of the husband, standing alone, would not warrant a dissolution of the marital relationship at this time. See Hammon v. Hammon, 254 Ala. 287, 48 So.2d 202.

■■ The wife testified as to three other acts of violence committed upon her person by her husband, one of which she claims took place after she filed her bill. But the evidence as it relates to those alleged occurrences is in hopeless conflict and we see no occasion to dissect and weigh it here. The burden was upon the wife to reasonably satisfy the court as to the truth of her charge of conduct on the part of her husband amounting to culpable cruelty. Ham-

mon v. Hammon, supra, and cases cited. The trial court, who saw and heard the witnesses, concluded that the husband did not commit the alleged uncondoned acts. We do not feel justified in disturbing that conclusion. Apperson v. Apperson, 217 Ala. 157, 115 So. 229.

We come now to consider the appellant's assertion that the evidence does not warrant a decree of divorce in favor of the husband on the ground of adultery.

█, It is a fundamental principle of the law of divorce that direct proof of adultery by evidence of eyewitnesses is not required, for, on account of the secret nature of the act, it is seldom susceptible of proof except by circumstantial evidence. However, its stigma is so degrading and humiliating and its legal consequences so serious, that the courts should never accept as sufficient proof of the commission of the act of adultery anything less than circumstances such as would lead the guarded discretion of a reasonable and just man to the conclusion that the act of adultery has been committed. Gardner v. Gardner, 248 Ala. 508, 28 So.2d 559, and cases cited.

█ The burden of proof is on the accuser and evidence showing no more than a mere suspicion of unchastity is insufficient to support a decree of divorce. Box v. Box, 253 Ala. 297, 45 So.2d 157; Chamblee v. Chamblee, 255 Ala. 35, 49 So.2d 917. But the fact of adultery may be inferred from circumstances leading to it as a necessary conclusion. Morrison v. Morrison, 95 Ala. 309, 10 So. 648.

It would perhaps be an understatement to say that the evidence as it bears on the relationship that existed between Mrs. Rudicell and Gunnin before the crossbill was filed creates only a suspicion that they were guilty of adultery. True, there was no direct evidence of any eyewitnesses to an adulterous act. But Mrs. Gunnin, the wife of Clarence E. Gunnin, testified that on one occasion she located them in the office where they both worked at about 4:15 in the morning. The lights were out and the office door was locked. The explanation for this unusually early visit to the office is far from convincing. By the time of the separation it was common talk in the town of Hamilton that Mrs. Rudicell and Gunnin were "running around together" and because of such conduct a number of the good people of the community testified that just prior to the separation Carolyn Rudicell bore a bad reputation, whereas there is evidence to the effect that prior to her association with Gunnin she had enjoyed a good reputation. Certain it is that the record before us supports no conclusion other than that the separation of Carolyn and Carmen Rudicell resulted from the former's infatuation for Gunnin, although Carmen Rudicell was not willing to finally concede that an adulterous relationship had existed until after he had found them on the country roads of an adjoining county a few weeks prior to the time of trial.

█ The record is replete with evidence bearing on the conduct of Mrs. Rudicell and Gunnin from the time the former separated from her husband up until approximately the time the cause was tried below, which can lead to no conclusion other than that they frequently engaged in the act of adultery.

As before pointed out, the evidence of subsequent acts is admissible as tending to explain evidence already introduced in reference to the act originally charged.

We have heretofore stated the rule applicable to our review of cases where the testimony is taken orally before the trial court. Under the evidence presented, we cannot say that the trial court erred in decreeing a divorce in favor of the husband on the ground of the adultery of his wife.

█ It is a well-settled rule in this state that in determining who should have the custody of children, the best interests and welfare of the child or children should be the controlling and paramount interest.

█ A careful examination of the entire evidence convinces us that the welfare and best interests of the minor involved in this cause will be served in permitting its custody

and control to remain in the persons named in the decree of the trial court, subject, of course, to the right of the trial court to modify the decree in that respect if the best interests of the child require such modification.

The decree of the trial court is due to be affirmed. It is so ordered.

Affirmed.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.