157 So.2d 215

Edgar C. **HILLEY**

v.

**Jo Anne B. HILLEY.**

**4 Div. 98.**

Supreme Court of Alabama.

Oct. 17, 1963.

Rehearing Denied Nov. 14, 1963.

**618**

Ben H. Lightfoot, Luverne, for appellant.

Turner & Kettler, Luverne, for appellee.

PER CURIAM.

Complainant in this cause (appellee here) on December 28, 1960, filed her bill of complaint in the Law and Equity Court of Crenshaw County, in equity, against appellant, seeking a divorce and also a custodial award of her two minor children, one of whom is a boy 12 years of age and the other a girl 14 years of age, or were at the time suit was filed. From a decree granting complainant a divorce, a vinculo, from appellant and awarding her the custody of the two children, respondent appeals.

Complainant alleges that she is over the age of 18 years and is a resident of the State of Alabama, and has been such resi-dent for the length of time required by law.

She further alleges that there were two children born to her marriage with respondent, Kathleen Malinda Hilley, born June 5, 1947, and a son, Wayne Edgar Hilley, born October 29, 1948.

Further she alleged that during the time she and respondent were living together as man and wife, respondent so conducted himself as to cause her reasonable apprehension of violence on her person attended with danger to her life or health, or she had reasonable apprehension of violence on her person attended with danger to her life or health which proceeded from the conduct of respondent. Title 34, Code of Alabama, 1940, § 22.

The original unqualified answer of respondent admits that complainant is over the age of 18 years, but denies that she is a resident of the State of Alabama, as alleged, and says further that she is a resident of the State of Maryland and has been since 1947.

Respondent also admitted the birth of the two children, as alleged, but denied disposition of their custody.

He also denied the alleged conduct pertaining to cruelty as alleged.

By an amendment to his answer, respondent denied that complainant is entitled to a divorce because, as he alleges, she committed adultery with one Frank Ewing, which act bars her from the relief that seeks to dissolve the bonds of matrimony between them.

The issues presented here for review and decision pursuant to the pleadings, assignments of error and adequate argument are: (1) Was complainant a bona fide resident of the State of Alabama when she filed her bill of complaint on December 28, 1960? (2) Was respondent guilty of conduct pertaining to cruelty as alleged? (3)

Was complainant guilty of adultery with one Frank Ewing before December 28, 1960, which was the date the bill of complaint was filed?

We will undertake to treat these issues seriatim.

The legislature of Alabama, by Act No. 457, General Acts of Alabama, 1945, p. 691, appvd. July 6, 1945, Title 34, Recompiled Code of Alabama, 1958, Title 34, § 29, amended § 29, Title 34, Code of Alabama, 1940, by causing it to read as follows:

> "§ 29. If defendant a nonresident, a year's residence by plaintiff must be proved.—When the defendant is a nonresident, the other party to the marriage must have been a bona fide resident of this state for one year next before the filing of the bill, which must be alleged in the bill and proved; provided, however, the provisions of this section shall not be of force and effect when the court has jurisdiction of both parties to the cause of action."

■ Thus we observe that no particular or specific period of residence or domicile in this State is required in this suit of complainant if the respondent is a nonresident, but to entertain suit the court must have jurisdiction of both parties to the cause of action. Under such circumstances the only jurisdictional requirement is that the complainant be domiciled in the State so as to confer upon the court jurisdiction of the *res*. Levy v. Levy, 256 Ala. 629, 56 So.2d 344(1). See cases cited.

■ We have also held that the Alabama courts have no jurisdiction of the marital status of the parties if neither was domiciled in Alabama. The parties cannot by agreement confer jurisdiction. Levine v. Levine, 262 Ala. 491, 80 So.2d 235(5).

Inasmuch as the respondent admittedly was a non-resident of Alabama when this suit was filed, in order to confer jurisdiction of this cause on the trial court, it must appear from the evidence to the reasonable satisfaction of the trial court that the complainant, at the time she filed suit, was a legal resident of or was domiciled in Alabama.

■ We also adhere to the rule, one that is peculiar to Alabama, that the uncommunicated motive or intention of a party is a matter of inference to be drawn from the facts and circumstances of the case, and is not the subject of direct examination. This rule applies both in civil and criminal cases. Levy v. Levy, supra; Armour & Co. v. Cartledge, 234 Ala. 644, 176 So. 334(19, 20).

We have also observed that there is a distinction between the foregoing rule of exclusion and the rule which permits a witness to testify to declarations made by one in setting out on a journey, and to testify to other indicia of motive or intent. Thornton v. State, 253 Ala. 444, 45 So. 2d 298(1).

We now address our observation to some of the surrounding circumstances and statements made by complainant upon which she relies to establish to the reasonable satisfaction of the court her contention that she was a resident of Alabama when she filed her suit for divorce.

The evidence which complainant adduced tends to show that she and her husband had domestic differences and difficulties that culminated in a separation agreement on July 20, 1960, whereby they agreed to live separate and apart, and both agreed not to molest or interfere with the life of the other. Mrs. Hilley acquired certain personal property, and Mr. Hilley agreed to pay a stipulated amount for the support of the children. Mrs. Hilley continued to occupy their residence property, but later she moved into an apartment.

According to complainant's testimony, her husband, the respondent, annoyed and harassed her by frequent visits to her place of abode due to an aroused suspicion that she was seeing a married man of wealth

and business distinction. So, to avoid these unwelcome visits and annoyance on the part of her husband and to get away from him, she made plans to leave Maryland and establish residence in another state. There was much evidence offered that related to these alleged visits and the annoyances that accompanied them. We will not undertake to detail this evidence. Mrs. Hilley came to Alabama by plane on December 27, 1960, without her children.

The next day after her arrival, Mrs. Hilley filed her suit for divorce. She returned forthwith to Maryland, there, she testified, to make certain preparations for a permanent return to Alabama at a later date. She testified that she had to terminate her employment in a bank and, also, to look after her children who were still in school. These and other duties she claimed necessitated her stay in Maryland until May 5, 1961, when she returned to this State.

It also appears from the evidence that between the date of May 5, 1961, and the date of this trial in Crenshaw County, she and her two children, who came back to Alabama with her, terminating their school attendance before school was out, lived at places of public accommodation in Birmingham, Montgomery, Mobile, and Gulf Shores, near Mobile. There was considerable evidence about the expense of these accommodations and who paid this expense. Also, there was evidence that during that time she saw on occasions her alleged paramour, Mr. Ewing. These visits by Mr. Ewing, so far as the evidence showed, were platonic.

The daughter, Kathleen, testified that sometime before Christmas of 1960, prior to her mother's first departure for Alabama, her mother asked her and her brother if they would like to leave, in the words of the witness, "because things were not going very well and it was uncomfortable for us and so we thought about moving to Alabama, and she flew down there." She then told about a discussion in which a decision was reached that they would find some place in the south, and particularly Alabama. This decision or discussion took place before Christmas of 1960.

The issue of domicile or residence was bitterly contested when the cause was tried on July 24–25, 1961. The evidence on this issue was voluminous and extensive, presenting in our judgment a question of intent on the part of complainant, which is usually a controlling consideration. Caheen v. Caheen, 233 Ala. 494, 172 So. 618(4). By granting the divorce the trial court determined from the conflicting evidence that complainant was domiciled in Alabama at the time suit was filed.

While we are not any too sanguine from reading the text of the evidence, word for word, that the trial court correctly decided this issue of domicile, we conclude that we should observe our long established rule that where the evidence is taken ore tenus before the court, as here, his findings will not be disturbed on appeal unless clearly and palpably wrong. Mitchell v. Kinney, 242 Ala. 196, 5 So.2d 788(1). We cannot say that such finding was palpably wrong.

We have also examined the evidence that was adduced in support of the grounds of divorce. It tends to show that the sex relationship of complainant and her husband, over a period of many years, was interspersed with sordid acts of perversion and demands therefor on the part of the respondent. When these demands on the part of Mr. Hilley were not met, according to Mrs. Hilley's testimony, Mr. Hilley would become enraged and make threats against her, and on one occasion, four or five years before their separation, when she was preparing to attend a cub scout meeting, Mr. Hilley threw her to the floor and from the impact she suffered three fractured ribs. This latter act of violence did not immediately follow a demand for sexual perversion, but was an independent act of violence. Also,

the witness testified that they had many fights and arguments.

Mrs. Bacon, an aunt of complainant, testified that she was present at a conversation when Mrs. Hilley made a statement in the presence of her husband that he had threatened to kill her and that Mr. Hilley laughed like it was a big joke and didn't deny the accusation.

■ The denial by respondent of these accusations of sexual perversion, acts of cruelty, and threats, resolved the testimony into factual issues to be determined by the trial judge. Under this situation, we adhere to the rule that we will not disturb the judgment of the trial court unless it is clearly and palpably erroneous. Mitchell v. Kinney, supra. This we cannot hold to be true.

The evidence disclosed that on several occasions prior to December 28, 1960, when this suit was filed, one Mr. Frank Ewing, a man of considerable wealth and business sagacity, had social contacts with complainant, which not every time were socially conventional. Mr. Ewing was a married man.

■ We have searched the record diligently and we fail to find any evidence that during these visits with complainant they were having sex relationships. There was some evidence that while complainant and her two children were on a pleasure trip in the south, complainant saw Mr. Ewing in Mid Pines, North Carolina. Mrs. Hilley called her husband to get permission to send their two children back to Maryland by plane. Admittedly, Mr. Ewing saw her in Mid Pines at this particular time, but as to how they enjoyed their visit with each other is purely speculative and conjectural. Proof of sexual intercourse necessary to the crime of unlawful cohabitation may be made by circumstantial evidence, but it must go beyond mere proof of opportunity. 1 Amer. Jur., Adultery, § 54.

■ There was substantial evidence introduced by respondent and partially admitted by complainant, that tended to support an accusation of adultery on the part of complainant with Mr. Ewing. This incident occurred on February 24, 1961, and not before the bill in this case was filed, but after the date fixed by respondent's assignment of error.

This evidence was relevant and admissible to corroborate proof of adultery between the two prior to December 28, 1960, if any had been adduced, and supporting respondent's defense that complainant is barred by her alleged acts of adultery from obtaining a divorce.

■ But, in the absence of proof of adultery prior to the date of filing suit for divorce, we are controlled by a pronouncement in the case of Rudicell v. Rudicell, 262 Ala. 41, 77 So.2d 339(3), wherein, Justice Lawson, speaking for the court, said as follows:

"The wife introduced evidence tending to show that her husband had committed acts of cruelty upon her person subsequent to the date she filed her bill and the husband presented evidence bearing on the relationship of the wife with her alleged paramour after his cross bill was filed. Such evidence was admissible but the right to a decree of divorce could not be rested thereon. The rule in this state concerning the admissibility of subsequent conduct in divorce actions is stated in Scott v. Scott, 215 Ala. 684, 112 So. 218, in the following language: 'While evidence tending to show acts of illicit sexual intercourse between the defendant and Owens subsequent to the filing of the bill was admissible, when offered in connection with or subsequent to the introduction of evidence tending to show adulterous intercourse between the parties during the time covered by the averments of the bill, the right to relief must rest upon proof of the adulterous intercourse charged in the bill. * * *' * * * *" See cases cited. . . .

The evidence here of adultery on the part of complainant subsequent to the date she filed her bill of complaint for divorce is not relevant or admissible to sustain the accusation of adultery allegedly committed prior to the filing of suit for divorce and of which the record is devoid of competent proof.

We will not undertake to pass judgment on the correctness of the decree in awarding the two children to the custody of the mother. No argument appears in the original brief, filed by appellant in support of the assignment of error, charging error on the part of the court in making this award. A belated argument appears in the reply brief filed by appellant, which is out of order in view of the fact that appellee, in her reply brief, did not argue the issue and called this court's attention to the absence of argument pertaining to this issue in appellant's first brief. In the absence of adequate argument in the first brief, and no reply having been made by appellee to the argument in appellant's reply brief, we will not consider this assignment. Revised Rules of Practice in the Supreme Court, Code of Alabama, 1940, Appendix to Title 7, Rule 9, page 1159.

We might state parenthetically that the two children in their testimony expressed an extreme fondness for their mother and a desire to stay with her, while at the same time expressing a pronounced dislike and aversion for their father.

For lack of merit in the several assignments of error which were adequately argued, the decree of the trial court is due to be affirmed, and it is so ordered.

The foregoing opinion was prepared by B. W. Simmons, Supernumerary Circuit Judge, while serving on the Supreme Court at the request of the Chief Justice, and was adopted by the court as its opinion.

Affirmed.

LIVINGSTON, C. J., and LAWSON, MERRILL and COLEMAN, JJ., concur.