This appeal is from a final divorce decree. Jack Wesley Duke petitioned the Circuit Court of Tuscaloosa County for a divorce from his wife, Rubye Nelle Duke. His complaint alleged incompatibility of temperament and irretrievable breakdown of the marriage.
The cause was convened for trial on September 23, 1983. After this hearing the trial court divorced the parties tentatively on the ground of incompatibility of temperament, but reserved the right to change the grounds of divorce should the evidence so warrant. Apparently, the trial court did not want to make a final decision until the wife had an opportunity to present evidence on her behalf. The trial next convened on January 3, 1984. Subsequently, the wife filed an amended counterclaim, alleging that the husband committed acts of adultery with various women, and asking that the parties be divorced on the grounds of adultery and incompatibility. In January 1984 the trial court issued a final judgment divorcing the parties on the ground of adultery committed by the husband. The court ordered the husband to pay the wife $10,000 alimony in gross and to pay $600 per month in periodic alimony. In addition, the court divided the parties' property.
On appeal the husband contends (1) that the award of $600 per month periodic alimony to the wife was excessive and unsupported by the evidence, and (2) that the trial court erred in granting the divorce on the ground of adultery.
At the trial the wife testified that her husband had been leaving their home three or four nights a week, and that he eventually moved out of their home on September 14, 1982. Two witnesses testified that they had been intimate with the husband. Ms. Tidmore stated that she had intercourse with the husband in July 1978, shortly after she began working in his business. The wife had no knowledge of this affair at the time it occurred. Ms. Kelly testified that she now lives with the husband and first had intercourse with him around July 1983. There was, therefore, substantial evidence introduced at trial that tended to support an accusation of adultery on the part of the husband.
The husband asserts, however, that Ms. Kelly's testimony refers to incidents occurring after he filed his complaint for divorce in January 1982, and, therefore, such evidence is not sufficient to support a divorce on the ground of adultery. SeeHilley v. Hilley, 275 Ala. 617, 157 So.2d 215 (1963). In Hilley
the wife filed a complaint seeking divorce on the ground of cruelty and the husband defended on the ground that she was not entitled to a divorce because she had committed adultery. The husband did not seek a divorce by way of a crossbill; he merely defended against the action by asserting the wife was not entitled to a divorce because of recrimination, i.e. she was guilty of adultery. The supreme court held that where the husband has accused his wife of adultery committed prior to the filing of the wife's suit for divorce, evidence of the alleged adultery of the wife subsequent to that date was inadmissible and irrelevant to support an accusation of adultery allegedly committed prior to filing *Page 434 
suit for divorce in the absence of evidence supporting the allegations of the complaint.
We consider the controlling case on this point to be Rudicellv. Rudicell, 262 Ala. 41, 77 So.2d 339 (1955). In Rudicell the wife filed for divorce from her husband on the ground of cruelty. The husband answered, denying her allegations, and, later, filed a crossbill alleging that his wife, prior to their separation, committed acts of adultery. The court stated that evidence of adultery by the wife committed after the crossbill was filed was admissible but would not sustain a decree of divorce unless such evidence corroborated evidence of adultery committed prior to the filing of the crossbill. There was evidence in the record supportive of the crossbill, thus the evidence of subsequent acts of adultery was relevant to the allegations of the crossbill. The grant of a divorce to the husband for the wife's adultery was upheld.
In the case at bar there was testimony which dealt with the husband's adulterous activities prior to filing of the wife's amended counterclaim in January 1984. Such evidence is sufficient to support the trial court's grant of divorce on the ground of adultery.
Husband's other contention is that the award of periodic alimony was excessive and unsupported by the evidence.
The husband and wife were first married in 1951. They had one son by their marriage, who was nineteen at the time of this divorce. The parties were first divorced on May 4, 1970 and remarried each other in the same year. Except for their brief divorce in 1970, this couple had been together for almost thirty-one years. The wife is forty-seven years old and suffers from pain in her left leg, due to a leg injury incurred in childhood. She is employed at Druid City Hospital as a licensed practical nurse and makes $390 every two weeks. The husband is a master electrician, holds a commercial flying license, and is engaged in the business of aerial application (crop dusting). He is a primary owner and stockholder of Mid-South Aerial Applicators. The book value of the common stock that he owns in Mid-South was $13,239 in 1982. The husband's salary from Mid-South in 1982 was $21,000. He also received rental income from Mid-South in the amount of $18,000 in 1979, 1980, and 1981 for the rent and use of equipment, air tanks, and airplanes used in the aerial application business. Husband's tax returns showed that in 1978 he had earnings of $35,349, in 1979 earnings of $27,249, in 1980 $20,043, and in 1981 he had a reported loss of $1,810. The losses in 1981 appear to be in part a result of expenditures that the husband made in promoting and manufacturing a device known as a Velpar unit, a device which is used in the aerial application business. Moreover, a certified public accountant who prepared the husband's financial statement in 1982 calculated his net worth at $368,398 (total assets minus unrealized taxes and liabilities). Approximately $300,000 of this total represented land that the parties owned. The husband also owns various dividends and accounts in local banks.
In a divorce action the trial court has the authority to award periodic alimony, the amount being in the discretion of the court depending upon the facts of the case. Foreman v.Foreman, 379 So.2d 89 (Ala.Civ.App. 1980); Kabaci v. Kabaci,373 So.2d 1144 (Ala.Civ.App. 1979). Such an award will not be overturned except for an abuse of discretion. Maddox v. Maddox,276 Ala. 197, 160 So.2d 481 (1964). In making such an award the trial court is authorized to consider such factors as: the length of the marriage, the ages and health of the parties, the future employment prospects of the parties, the standard of living to which the parties have become accustomed during the marriage, and the conduct of the parties. Masucci v. Masucci,435 So.2d 120 (Ala.Civ.App. 1983); Goodwin v. Goodwin,364 So.2d 678 (Ala.Civ.App. 1978).
In this case the parties have been married for a long time and enjoyed a fairly good standard of living. The husband apparently has good business prospects and derives income from several *Page 435 
sources. The wife, however, has minor physical problems and receives a substantially lower salary than does her husband. The wife testified that she needed $2,000 a month to maintain a minimum standard of living. The court's award enables the husband to continue to earn a livelihood and further enables the wife to maintain the standard of living which she enjoyed prior to the divorce.
Therefore, in light of the evidence, the trial court's award was not excessive and did not constitute an abuse of discretion. Accordingly, we affirm the decree of the trial court.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.