EDWARD N. SCRUGGS, Retired Circuit Judge.
This is a divorce case.
On March 21, 1986, the husband filed his complaint for a divorce in the Circuit Court of Clarke County, Alabama. Service of a copy of the summons and complaint was had upon the wife in Metairie, Louisiana, by certified mail on March 28, 1986.
The wife filed a motion to dismiss, wherein she alleged that she is not and has never been a resident of the State of Alabama; that this matter is res judicata because of a civil action in Louisiana, wherein service was had upon the husband on February 1, 1986; that the husband did not defend the Louisiana action; and that a judgment was entered against him. A copy of the summons and service thereof, a copy of the judgment, and the wife’s affidavit were attached to the motion. The Louisiana summons, which was issued on January 31, 1986, showed service upon the husband on February 1, 1986, by a deputy sheriff in Louisiana by leaving a copy of the citation and petition at the husband’s “domicile in the Parish of Jefferson in the hands of Carl Martin, Brother....” The wife’s affidavit was as follows: '
“That she is the wife of EARL E. MARTIN, JR.;
“That the permanent residence address of EARL E. MARTIN, JR. and affiant, as of January 12, 1986, was 4219 Center Street, Metairie, Louisiana.
“That their Social Security checks were sent, via Metairie Bank, to them at their address in Metairie, Louisiana;
“That the residence address listed on the driver’s licenses of both Mr. and Mrs. Martin is 4219 Center Street, Metairie, Louisiana;
“That EARL E. MARTIN, JR. has worked in Louisiana and Florida, but never in Alabama; and
*1055 “That EARL E. MARTIN, JR. is not now a resident of Alabama, but rather is residing in Carrier, Mississippi.”
The husband filed a written general objection to the wife’s motion without specifying any particular or special grounds therefor.
After a hearing before the trial court where the husband and one witness for the husband testified, the husband’s Alabama divorce case was dismissed by the trial court with a finding that jurisdiction over the parties’ marital status had attached in the State of Louisiana prior to the filing of the Alabama complaint and that the husband had notice of the Louisiana case before he filed his complaint in Alabama.
The oral testimony was to the effect that the parties lived in Alabama for about four years in a.mobile home. The wife left him in Alabama about the first of the year 1986, and he has remained in Alabama since that time. The husband has had a telephone in his name at the mobile home, and his mail has been received at that location. He gardened there for three years. The husband’s current driver’s license was issued by the State of Louisiana, and it lists 4219 Center Street, Metairie, Louisiana, as being his place of residence. The husband’s social security check is sent to a bank in Metairie. The reason for the Metairie connection as to those matters was to prevent the wife, who owns a home in Metairie, from the payment of real estate taxes upon it. He stated that he has not lived in Louisiana for several years. The papers in the Louisiana case were sent to the husband by his brother, who resides in Louisiana.
As can be readily recognized, there were some conflicts between the wife’s affidavit and the evidence which was presented by the husband. As to domicile, residence, and any other matters where the evidence is entirely, or partially, presented ore terms before the trial court, the findings of the trial court will not be disturbed on appeal unless they were palpably wrong. Hilley v. Hilley, 275 Ala. 617, 157 So.2d 215 (1963). The Louisiana judgment was before the trial court, and, since it does not appear upon its face that the Louisiana court did not have jurisdiction to render it, it must be presumed prima facie that the Louisiana court had jurisdiction over the matter. If the Louisiana court rendered the judgment in an illegal and improper manner and had no jurisdiction to do so, the burden was upon the husband to assert that fact and to produce evidence to overcome the presumption. Stallworth v. Stallworth, 272 Ala. 449, 131 So.2d 867 (1961). That case also held that, where two or more courts have concurring jurisdiction, the one that first takes cognizance of a cause has the exclusive right to entertain and exercise such jurisdiction to the final determination of the action and the enforcement of its judgment. Stallworth, 272 Ala. at 454, 131 So.2d at 871. Accordingly, as to the issues which were raised by the wife’s motion, by the husband’s general objection to the wife’s motion, and by the evidence, we cannot say that the trial court was palpably wrong in dismissing the husband’s complaint. The trial court determined that the Louisiana court had jurisdiction over the matter, and we find no error as to such a holding.
Most capable counsel for the husband argues a noncompliance in the Louisiana case with the laws of Louisiana in certain respects. However, neither from the husband’s objection to the wife’s motion nor from any portion of the record does it appear that those alleged violations of the Louisiana law were raised in the trial court. A party who intends to raise an issue concerning the law of another state shall give notice thereof in his pleadings or other reasonable written notice. Rule 44.1, Alabama Rules of Civil Procedure. There was no compliance with that rule in this case. An appellate court will not consider a theory or issue where it was not pleaded or otherwise raised in the trial court. Smiths Water Authority v. City of Phenix City, 436 So.2d 827 (Ala.1983); 2 Ala.Digest, Appeal & Error, Key Nos. 169, 170(1), 170(2), and 171(1).
The judgment of the trial court is affirmed.
*1056 The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.