L. CHARLES WRIGHT, Retired Appellate Judge.
The parties were married for approximately 23 years. They have two adult children. In October 1992 they separated. At the time of separation, they were living in Jefferson County, Alabama. Subsequent to the separation, the wife moved to Wisconsin. The husband remained in Jefferson County.
*916 The husband filed a complaint for divorce in Jefferson County on May 12, 1993. On June 4,1993, the wife was served with a copy of the complaint by the sheriff of Washington County, Wisconsin. In the complaint the husband requested a divorce, averring that “all personal property has been divided between the parties and there is no real property belonging to either party.”
The wife filed a complaint for divorce in Wisconsin on May 19, 1993. She requested that she be given a divorce, alimony, and an equitable division of the marital estate. The husband was served with a copy of the complaint on June 5, 1993.
Default judgment against the wife was entered in Jefferson County on July 6, 1993, with oral testimony thereon by the husband. A final judgment for divorce in favor of the husband was entered on July 6, 1993. On August 20, 1993, pursuant to 28 U.S.C.A § 1738 (1994), the husband filed a copy of the Jefferson County final judgment in Wisconsin.
The husband apparently appeared specially in the Wisconsin case, challenging the jurisdiction of the court over his person and the subject matter of divorce. He moved for dismissal on those grounds on August 20, 1993.
On January 27, 1994, the wife filed a Rule 60(b), Ala.R.Civ.P., motion, seeking to set aside the Jefferson County judgment. The motion was denied on March 29, 1994. The wife filed a post-judgment motion, which was denied on May 18, 1994. There was no appeal.
In the interim, the Wisconsin court entered a final judgment of divorce in favor of the wife and against the husband. The final judgment was entered on March 1, 1994. The wife was awarded alimony, a division of real property, attorney fees, and other costs. On March 28, 1994, pursuant to § 6-9-238, Code 1975, the wife filed notice of the Wisconsin final judgment in Jefferson County.
The husband moved to strike the wife’s notice of foreign judgment. On June 15, 1994, the Circuit Court of Jefferson County granted the husband’s motion, finding that the Wisconsin judgment was not entitled to full faith and credit. The wife appeals.
We find the dispositive issue to be whether the trial court erred in refusing to grant the Wisconsin final judgment full faith and credit.
The Constitution of the United States, Article IV, Section 1, requires that “full faith and credit shall be given in each state to the public acts, records and judicial proceedings of every other state.” The judgment of another state that has subject matter and in personam jurisdiction is entitled to full faith and credit in the courts of Alabama. Morse v. Morse, 394 So.2d 950 (Ala.1981). The law of the state which rendered the judgment determines the validity and the effect of such a foreign judgment. Morse.
At issue is whether Wisconsin had personal jurisdiction over the husband when it entered its final judgment of divorce.
Wis.Stat. § 801.05(1) (1991-92) provides the following:
“801.05 Personal jurisdiction, grounds for generally. A court of this state having jurisdiction of the subject matter has jurisdiction over a person served in an action pursuant to § 801.11 under any of the following circumstances:
“(1) Local presence or status. In any action whether arising within or without this state, against a defendant who when the action is commenced:
“(a) Is a natural person present within this state when served; or “(b) Is a natural person domiciled within this state; or
“(c) Is a domestic corporation; or “(d) Is engaged in substantial and not isolated activities within this state, whether such activities are wholly interstate, intrastate, or otherwise.”
Wis.Stat. § 801.05(11), further provides:
“(11) Certain Marital Actions. In addition to personal jurisdiction under sub. (1) and § 801.06, in any action affecting the family in which a personal claim is asserted against the respondent commenced in the county in which the petitioner resides at the commencement of the action when *917 the respondent resided in this state in marital relationship with the petitioner for not less than 6 consecutive months within the 6 years next preceding the commencement of the action and the respondent is served personally under § 801.11.”
It is undisputed that the husband is a citizen of Alabama, has not lived in Wisconsin since 1980, and does not conduct business in that state. It is also undisputed that the husband contested jurisdiction and never made a general appearance in the Wisconsin court.
Under the undisputed facts of this case, it is clear that neither Wisconsin’s “long-arm” statute nor its jurisdictional statute concerning “certain marital actions” authorized the assertion of personal jurisdiction over the husband. Consequently, Wisconsin did not have personal jurisdiction over the husband. Ex parte Dean, 447 So.2d 738 (Ala.1984). Any attempts at personal service upon the husband were ineffectual. Ex parte Dean. The trial court, therefore, did not err in refusing to give the Wisconsin judgment full faith and credit.
In refusing to give the Wisconsin judgment full faith and credit, the trial court found the following:
“While two or more states may have concurrent jurisdiction over a marriage, the one that first takes cognizance of the cause has the exclusive right to entertain and exercise such jurisdiction to the final determination of the action. And where one state has proceeded to final judgment, the marital status of the parties cannot be before another court. Martin v. Martin, 509 So.2d 1054 (Ala.Civ.App.1986). It is clear from the exhibits in this cause, and the record in this matter, that all acts in Alabama occurred prior to the similar acts occurring in Wisconsin. The complaint was filed first in Alabama. Service was perfected first in Alabama. A valid Final Judgment of Divorce was entered first in Alabama. In fact, the Final Judgment of Divorce had been in effect for over seven (7) months prior to the purported Final Judgment of Divorce being entered in Wisconsin. Under such circumstances, the Wisconsin Divorce Decree is not entitled to full faith and credit.”
We find the trial court’s resolution to be further reason for affirmance. Stallworth v. Stallworth, 272 Ala. 449, 131 So.2d 867 (1961); Martin v. Martin, 509 So.2d 1054 (Ala.Civ.App.1986).
The wife would have us apply the concept of “divisible divorce” to the facts of this case. If the Wisconsin court had personal jurisdiction over the husband, it possibly could have determined property rights despite the Jefferson County judgment. That court, however, did not have personal jurisdiction over the husband, nor did it have jurisdiction of the marital res because of the final judgment rendered in Alabama. Martin. The “divisible divorce” concept has no application to the facts of this case. Mahoney v. Mahoney, 568 So.2d 832 (Ala.Civ.App. 1990).
The judgment of the Circuit Court of Jefferson County is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
AFFIRMED.
All the Judges concur.